# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *Reynolds v. Jimmy John's Enterprises, LLC*, 2013 IL App (4th) 120139

---

| | |
|---|---|
| Appellate Court Caption | ROBERT W. REYNOLDS, Plaintiff-Appellant, v. JIMMY JOHN'S ENTERPRISES, LLC, a/k/a and/or d/b/a JIMMY JOHN'S FRANCHISE, LLC, a/k/a and/or d/b/a JIMMY JOHN'S, LLC; and JTHREE, INC., an Illinois Corporation, a/k/a and/or d/b/a JIMMY JOHN'S, Defendants-Appellees. |
| District & No. | Fourth District<br>Docket No. 4-12-0139 |
| Filed | April 2, 2013 |
| Rehearings denied | May 6, 2013 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | In an action for the injuries suffered by plaintiff when the motorcycle he was riding collided with a car driven by one of defendant's delivery drivers, the trial court's dismissal of the counts of plaintiff's amended complaint alleging negligent training and supervision of the driver were reversed and the cause was remanded on the grounds that a cause of action for negligence was stated and defendant used sections 2-615 and 2-619 of the Code of Civil Procedure to contest the sufficiency of plaintiff's factual allegations. |
| Decision Under Review | Appeal from the Circuit Court of Sangamon County, No. 11-L-89; the Hon. Patrick W. Kelley, Judge, presiding. |
| Judgment | Affirmed in part and reversed in part; cause remanded. |

Counsel on
Appeal

Gregory P. Sgro (argued), of Sgro, Hanrahan, Durr & Rabin, LLP, and Jason P. Young, of Jason Young Law Office, both of Springfield, for appellant.

Jill B. Lewis (argued), of Marasa Lewis, of Chicago, for appellee Jimmy John's Enterprises, LLC.

Scott E. Umland (argued), of Fleming & Umland, of Peoria, for appellee JThree, Inc.

Panel

JUSTICE KNECHT delivered the judgment of the court, with opinion. Presiding Justice Steigmann concurred in the judgment and opinion. Justice Turner dissented, with opinion.

## OPINION

¶ 1    In April 2011, plaintiff, Robert W. Reynolds, sued defendants, Jimmy John's Enterprises, LLC, Jimmy John's Franchise, LLC, Jimmy John's, LLC (collectively Jimmy John's); and JThree, Inc. (JThree), alleging liability for personal injuries resulting from a motor vehicle accident. In October 2011, plaintiff filed a seven-count amended complaint alleging multiple direct liability claims against defendants. JThree and Jimmy John's filed motions to dismiss plaintiff's amended complaint pursuant to sections 2-615 and 2-619(a) of the Code of Civil Procedure (Code) (735 ILCS 5/2-615, 2-619(a) (West 2010)). In January 2012, the trial court dismissed all seven counts contained in plaintiff's amended complaint.

¶ 2    On appeal, plaintiff asserts his amended complaint adequately pled counts of direct liability for (1) negligent supervision against JThree and Jimmy John's and (2) negligent training against JThree and Jimmy John's. Because the trial court erred in granting defendants' motion to dismiss, we reverse in part the court's dismissal of plaintiff's amended complaint as it applies to counts I, II, III and IV; we affirm the dismissal in part insofar as it applies to counts V, VI, and VII.

¶ 3                    I. BACKGROUND

¶ 4    In April 2011, plaintiff filed a single-count complaint against defendants, alleging they were liable for personal injuries plaintiff sustained from an April 2010 motor vehicle accident between himself and Jake Sawyer, a delivery driver for defendants. Jimmy John's is a franchiser of various "Jimmy John's" sandwich restaurants throughout the United States. JThree is a franchisee of Jimmy John's and independently owns a "Jimmy John's" restaurant

located on Iles Avenue in Springfield, Illinois.

¶ 5 In May 2011, JThree filed a motion to dismiss pursuant to section 2-615 of the Code (735 ILCS 5/2-615 (West 2010)) because plaintiff "cannot hold [it] directly liable for creating a situation which allegedly fostered unsafe driving practices." In June 2011, Jimmy John's filed a motion to dismiss pursuant to section 2-619.1 of the Code (735 ILCS 5/2-619.1 (West 2010)), asserting plaintiff commingled theories of direct and vicarious liability in his April 2011 complaint. In August 2011, the trial court granted defendants' motions to dismiss and dismissed with prejudice all vicarious liability claims pursuant to section 2-619 of the Code (735 ILCS 5/2-619 (West 2010)) and allowed plaintiff to amend his complaint on theories of direct liability. In February 2011, plaintiff and Sawyer entered into a settlement agreement resolving liability between those two parties.

¶ 6 In October 2011, plaintiff filed a seven-count amended complaint alleging as follows: (1) negligent training against JThree (count I); (2) negligent training against Jimmy John's (count II); (3) negligent supervision against Jimmy John's (count III); (4) negligent supervision against JThree (count IV); (5) implied authority against JThree (count V); (6) joint venture against all defendants (count VI); and (7) "principal agent/apparent authority" against all defendants (count VII).

¶ 7 According to plaintiff, on April 13, 2010, at approximately 6:35 p.m., plaintiff was traveling westbound on Iles Avenue in Springfield on his Harley-Davidson motorcycle. At that time, Sawyer, a delivery driver for defendants, driving a 1990 Chrysler LeBaron, exited a commercial driveway onto Iles Avenue. Sawyer had driven across the parking lot in front of the Jimmy John's restaurant and into the U.S. Bank parking lot to exit at this driveway. Sawyer turned left out of the U.S. Bank driveway, failing to yield to traffic, and collided with plaintiff's motorcycle. Plaintiff suffered serious and permanent injury as a result of the collision, including a permanent partial disability.

¶ 8 In paragraph eight of his amended complaint, addressing general allegations against all defendants, plaintiff alleged:

"Defendants ([Jimmy John's]) are franchisors to Defendant JThree, Inc. *** and as such the above Defendants have a business relationship among said entities that controlled certain acts and conduct of the Defendants (and its employees, agents or representatives) at the time of the subject 'incident'."

¶ 9 In paragraph 19 of his amended complaint, plaintiff asserted defendants "hold themselves out as making 'freaky fast' deliveries to the public and specifically instruct and encourage their drivers to expedite such deliveries," and that defendants "assert said deliveries will be made within 15 minutes of receiving the sandwich order." (At oral argument, plaintiff used the term "mandate" to describe this 15-minute delivery claim. For purposes of simplification, we phrase this allegation as having a "policy" of delivering the sandwiches within 15 minutes of ordering.)

¶ 10 In paragraph 22 of his amended complaint, plaintiff alleged, when first hired, Sawyer was given a manual to review for 20 minutes. The manual included information on proper uniform requirements and knife safety, but no information "on how to make proper and safe deliveries of sandwiches."

¶ 11    In paragraph 38 of his amended complaint, under count IV (negligent supervision) against JThree, plaintiff alleged:

> "That this Defendant knew or should have known that its drivers, and in particular Jake Sawyer, made a regular practice of exiting its parking lot by driving into the parking lot of its neighbor, U[.]S[.] Bank, and making a left turn from a driveway in order to avoid the delay associated with using the traffic light to exit its own parking lot."

In paragraph 40 of his amended complaint, plaintiff alleged JThree knew or should have known its delivery drivers made a regular practice of "making an illegal left turn in order to avoid the delay associated with using the traffic light to exit its own parking lot."

¶ 12    In October 2011, JThree filed a motion to dismiss all counts against JThree contained in plaintiff's amended complaint. The motion, in its entirety, states as follows:

> "Pursuant to 735 ILCS 5/2-615 and/or 735 ILCS 5/2-619, Defendant JTHREE, INC., an Illinois Corporation, a/k/a and/or d/b/a Jimmy John's (JTHREE) moves to dismiss Counts I, IV, V, VI, and VII of Plaintiff's Amended Complaint."

The document continues as a memorandum of law for 16 pages. The memorandum in support of its motion asserted count I (negligent training) should be dismissed pursuant to section 2-615 of the Code (735 ILCS 5/2-615 (West 2010)) and count IV (negligent supervision) pursuant to both sections 2-615 and 2-619 of the Code. As part of the memorandum, JThree filed a copy of Sawyer's September 2011 discovery deposition transcript, including a map exhibit (the transcript consists of 133 pages of testimony and is printed 4 pages of testimony per printed page, totaling 34 pages in length), and case law. In total, JThree's filing was 67 pages in length.

¶ 13    In November 2011, Jimmy John's filed a motion to dismiss all claims against it pursuant to section 2-619(a)(9) of the Code. The motion, in its entirety, states as follows:

> "NOW COME the defendants, JIMMY JOHN'S ENTERPRISES, LLC, JIMMY JOHN'S FRANCHISE, LLC, and JIMMY JOHN'S LLC, by and through their attorneys ***, and pursuant to § 2-619(a)(9) of the Illinois Code of Civil Procedure, move this Court for entry of an Order dismissing with prejudice plaintiff's Amended Complaint and, in support thereof, state as follows[.]"

The document continues as a memorandum of law for 14 pages to which Jimmy John's appended Sawyer's deposition testimony, a map exhibit, and an affidavit from Jeff Vaughan, chief financial officer of Jimmy John's Franchise, LLC. In total, Jimmy John's filing was 67 pages long.

¶ 14    In January 2012, the trial court dismissed, with prejudice, all counts contained in plaintiff's amended complaint. The court did not state a basis for its decision or citation for its dismissal.

¶ 15    This appeal followed.

¶ 16                                    II. ANALYSIS

¶ 17    On appeal, plaintiff asserts his amended complaint adequately pled counts of direct liability for (1) negligent supervision against Jimmy John's and JThree (counts I and II) and

(2) for negligent training against JThree and Jimmy John's (counts III and IV). Specifically, plaintiff contends (1) defendants were negligent for failing to instruct their employees in the making of "rapid deliveries in a safe and reasonable manner" because (a) defendants have a policy of "freaky fast" delivery within 15 minutes of the sandwich order, (b) defendants "instructed and encouraged" their drivers to "expedite" the delivery, and (c) when hired, defendants' employees were provided with a manual to review, which contained no information on how to make proper and safe deliveries; and (2) defendants' "freaky fast" delivery policy creates a duty to the public to properly supervise their employees in making such deliveries. Defendants both argue (1) they did not owe a duty to plaintiff to supervise or train Sawyer and (2) plaintiff did not adequately plead facts to support such duty.

¶ 18      The trial court's January 2012 order provides no guidance into its decision to grant defendants' motions. There is no transcript or bystander's report (Ill. S. Ct. R. 323(c) (eff. Dec. 13, 2005)) to illuminate the court's basis for granting these motions and dismissing plaintiff's amended complaint with prejudice. At oral argument, plaintiff asserted the trial court did not permit him the opportunity to amend his amended complaint because there were no facts that could be pleaded to state a cause of action against these defendants, *i.e.*, a section 2-615 dismissal. As (1) plaintiff can state a cause of action against these defendants based on negligence, and (2) defendants improperly used section 2-615 and section 2-619(a)(9) to contest the sufficiency of factual allegations–as apparent from defendants' use of facts outside the pleadings–the trial court erred in granting defendants' motions to dismiss.

¶ 19                    A. Motions Combining Section 2-615 and Section 2-619

¶ 20      JThree's motion to dismiss asserted it was based on section 2-615 "and/or" section 2-619 of the Code, and fails to comply with the procedural requirements for combined motions. Section 2-619.1 of the Code permits combined motions pursuant to section 2-615, section 2-619, and section 2-1005. 735 ILCS 5/2-619.1 (West 2010). Section 2-619.1 of the Code "explicitly requires that a motion combining both sections 2-615 and 2-619(a)(1) *must* be in parts, (2) *must* 'be limited to and shall specify that it is made under' either section 2-615 or 2-619, and (3) *must* 'clearly show the points or grounds relied upon under the [s]ection upon which it is based.' " (Emphases in original.) *Howle v. Aqua Illinois, Inc.*, 2012 IL App (4th) 120207, ¶ 73, 978 N.E.2d 1132 (quoting 735 ILCS 5/2-619.1 (West 2010)). Section 2-619.1 does not authorize the commingling of distinctive claims pursuant to section 2-615, 2-619, or 2-1005. *Howle*, 2012 IL App (4th) 120207, ¶ 72, 978 N.E.2d 1132; *Jenkins v. Concorde Acceptance Corp.*, 345 Ill. App. 3d 669, 674, 802 N.E.2d 1270, 1276 (2003) (First District) (section 2-619.1 "does not authorize hybrid motion practice"); *Northern Trust Co. v. County of Lake*, 353 Ill. App. 3d 268, 278, 818 N.E.2d 389, 398 (2004) (Second District) (section 2-619.1 does not authorize hybrid motion practice); *Higgins v. Richards*, 401 Ill. App. 3d 1120, 1125, 937 N.E.2d 215, 220 (2010) (Fifth District) ("[S]ection 2-619.1 was the legislature's response to the fact that '[r]eviewing courts have long disapproved of [the] slipshod practice' of filing hybrid motions to dismiss pursuant to both sections 2-615 and 2-619 because those motions 'cause[ ] unnecessary complication and confusion.' " (quoting *Talbert v. Home Savings of America, F.A.*, 265 Ill. App. 3d 376, 379, 638 N.E.2d 354, 357 (1994) (First District))); see also *Janes v. First Federal Savings & Loan Ass'n of Berwyn*, 57

Ill. 2d 398, 405-06, 312 N.E.2d 605, 609 (1974) (rejecting "hybrid procedure" combining motion challenging the legal sufficiency and at the same time answering the complaint while filing affidavits stating facts and demanding judgment on the merits). Combined motions pursuant to section 2-619.1 retain procedural distinctions between section 2-615, section 2-619, and section 2-1005 based motions, and parties are not free to ignore these distinctions. See *Green v. Trinity International University*, 344 Ill. App. 3d 1079, 1086, 801 N.E.2d 1208, 1214 (2003) (Second District) (section 2-619.1 does not permit a party to "submit evidentiary material going to the truth of the allegations contained in the complaint because a motion pursuant to either section 2-615 or 2-619 concedes the truth of all well-pleaded allegations").

¶ 21    "[T]rial courts should not–and need not–accept for consideration combined motions under section 2-619.1 that do not meet these statutory requirements." *Howle*, 2012 IL App (4th) 120207, ¶ 73, 978 N.E.2d 1132. Where a motion does not comply with section 2-619.1, commingles claims, or creates unnecessary complications and confusion, trial courts should *sua sponte* reject the motion and give the movant the opportunity (if they wish) to file a motion that meets the statutory requirements of section 2-619.1, or the movant may choose to file separate motions under section 2-615 and section 2-619 "thereby avoiding any improper commingling of their claims." *Howle*, 2012 IL App (4th) 120207, ¶ 73, 978 N.E.2d 1132.

¶ 22    Here, JThree's motion does not comply with section 2-619.1 because it is pursuant to section 2-615 "and/or" section 2-619, not in separate parts, and does not specify the points or grounds relied on. JThree's basis for dismissal and points and grounds relied on must be gleaned from reading the memorandum of law. JThree's motion is an example of the hybrid motion practice section 2-619.1 does not authorize.

¶ 23            B. JThree's "Motion" Pursuant to Section 2-615 of the Code

¶ 24    JThree's memorandum of law supporting its one-sentence "motion to dismiss" asserted the trial court should dismiss count I (negligent training) of plaintiff's amended complaint pursuant to section 2-615 of the Code. The memorandum asserted (1) an employer does not have a duty to train or control its delivery driver employees when those drivers are licensed drivers, because the dangers incident to driving "were fully understood by the employee, Jake Sawyer" (in its brief, JThree further asserts plaintiff is restricted to a theory of vicarious liability because Sawyer's actions were committed within the scope of employment), and (2) plaintiff's amended complaint consisted of "conclusory allegations [that] are meaningless without facts to explain them," such as (a) how JThree instructs its drivers, (b) how its advertising campaign of "freaky fast" deliveries implies it accepted, directed, encouraged, or required unsafe driving, and (c) why deliveries made within 15 minutes cause a dangerous situation. In support of its arguments, JThree cited section 317 of the Restatement (Second) of Torts (Restatement (Second) of Torts § 317 cmt. a (1965) (duty of master to control conduct of servant)), and *National Convenience Stores Inc. v. Matherne*, 987 S.W.2d 145 (Tex. Ct. App. 1999). JThree makes these same arguments on appeal.

¶ 25    A section 2-615(a) motion to dismiss tests the legal sufficiency of the complaint based on defects apparent on its face. *Doe-3 v. McLean County Unit District No. 5 Board of*

*Directors*, 2012 IL 112479, ¶ 15, 973 N.E.2d 880. "In other words, the defendant in such a motion is saying, 'So what? The facts the plaintiff has pleaded do not state a cause of action against me.' " *Winters v. Wangler*, 386 Ill. App. 3d 788, 792, 898 N.E.2d 776, 779 (2008). A section 2-615(a) motion presents the question of whether the facts alleged in the complaint, viewed in the light most favorable to the plaintiff, and taking all well-pleaded facts and all reasonable inferences that may be drawn from those facts as true, are sufficient to state a cause of action upon which relief may be granted. *Doe-3*, 2012 IL 112479, ¶ 16, 973 N.E.2d 880; *Winters*, 386 Ill. App. 3d at 793, 898 N.E.2d at 780. "[A] cause of action should not be dismissed pursuant to section 2-615 unless it is clearly apparent that no set of facts can be proved that would entitle the plaintiff to recovery." *Marshall v. Burger King Corp.*, 222 Ill. 2d 422, 429, 856 N.E.2d 1048, 1053 (2006); *Thurman v. Champaign Park District*, 2011 IL App (4th) 101024, ¶ 8, 960 N.E.2d 18 (To survive a section 2-615 motion a " 'plaintiff must allege facts sufficient to bring a claim within a legally recognized cause of action.' " (quoting *Tedrick v. Community Resource Center, Inc.*, 235 Ill. 2d 155, 161, 920 N.E.2d 220, 223 (2009))). In ruling on a section 2-615 motion, the court only considers (1) those facts apparent from the face of the pleadings, (2) matters subject to judicial notice, and (3) judicial admissions in the record. *Gillen v. State Farm Mutual Automobile Insurance Co.*, 215 Ill. 2d 381, 385, 830 N.E.2d 575, 577 (2005); *Thurman*, 2011 IL App (4th) 101024, ¶ 8, 960 N.E.2d 18. A section 2-615(a) motion dismissal is reviewed *de novo*. *Doe-3*, 2012 IL 112479, ¶ 15, 973 N.E.2d 880.

¶ 26    JThree's "motion" attacks both the factual and legal sufficiency of plaintiff's amended complaint. A section 2-615(a) motion only attacks the legal sufficiency of the complaint and accepts all well-pleaded facts as true. Thus, it is a red flag of impropriety to append deposition testimony to such a motion. JThree's memorandum cites Sawyer's deposition testimony in support of its contention plaintiff's complaint needs additional facts to "explain" the factual allegations and asserting Sawyer "understood" the risks associated with "the job of delivery driving." JThree's use of Sawyer's deposition testimony in support of its section 2-615(a) motion is procedurally improper.

¶ 27    JThree's attacks on the legal sufficiency of the amended complaint are unpersuasive. A claim of direct negligence "alleges that the employer was *itself* negligent." (Emphasis in original.) *Vancura v. Katris*, 238 Ill. 2d 352, 375, 939 N.E.2d 328, 343 (2010). To establish a claim of direct negligence, plaintiff does not have to show the injury was committed within the scope of the employee's employment, but that a special relationship, such as an employer-employee relationship, exists between the actor and the party whose conduct is to be controlled. *Hills v. Bridgeview Little League Ass'n*, 195 Ill. 2d 210, 231-32, 234, 745 N.E.2d 1166, 1180, 1181-82 (2000); *Simpkins v. CSX Transportation, Inc.*, 2012 IL 110662, ¶¶ 14, 21, 965 N.E.2d 1092 (quoting *Marshall*, 222 Ill. 2d at 430, 856 N.E.2d at 1053) (setting out elements for negligence and four factors to determine whether a duty ran from the defendant to the plaintiff); see also Restatement (Second) of Agency § 213(a) (1958) (principal may be directly liable for harm resulting from negligently giving improper or ambiguous orders); Restatement (Third) of Agency § 7.05(1) (2006) (principal who conducts an activity through an agent is subject to liability to third party caused by the conduct if the harm was caused by the principal's negligence in training or supervising). Section 317 of the

Restatement does not support JThree's assertion its liability is restricted to vicarious liability where Sawyer's conduct occurred within the scope of employment. JThree's reliance on *Matherne* for the proposition it does not have "a duty to control the legal driving choices/habits of an employee" is misplaced as the Texas appellate court only addressed whether an employer owed its employee a duty to warn about driving hazards and not whether an employer owes a member of the public a duty to train its employees. *Matherne*, 987 S.W.2d at 149. See also *Dowler v. New York, Chicago & St. Louis R.R. Co.*, 5 Ill. 2d 125, 131, 125 N.E.2d 41, 45 (1955) (ordinarily employer does not have a duty to warn its employees where the risk is obvious and nothing is gained by warning). Plaintiff's claims are not about whether JThree had a duty to control its employee's driving behavior, but whether it had a duty to train its employees in how to make safe deliveries.

¶ 28    Plaintiff pleaded sufficient facts, taken as true, to raise a question under Illinois negligence principles whether JThree engaged in a course of action creating a foreseeable risk of injury to members of the public, thereby creating a duty to ameliorate that risk by training its employees that the rules of the road trump its 15-minute policy and must always be adhered to, even while trying to accomplish deliveries within the 15-minute window. See *Simpkins*, 2012 IL 110662, ¶ 19, 965 N.E.2d 1092 ("Thus, if a course of action *creates* a foreseeable risk of injury, the individual engaged in that course of action has a duty to protect others from such injury." (Emphasis in original.)). It remains to be seen whether (1) JThree has an actual policy of 15-minute delivery rather than an advertising slogan of "freaky fast" delivery, and (2) JThree provided some form of training to instruct its employees to maintain their conduct within the confines of the law. However, a section 2-615(a) motion does not require plaintiff to prove his case at this juncture, and plaintiff's allegations are sufficient to show liability may attach. Plaintiff should be permitted (if he so chooses) to amend his amended complaint on count I.

¶ 29                    C. Motion Practice Under Section 2-619(a)(9) of the Code

¶ 30    Section 2-619(a)(9) of the Code provides a defendant may file a motion for dismissal of the action on the grounds "the claim asserted against defendant is barred by other affirmative matter avoiding the legal effect of or defeating the claim." 735 ILCS 5/2-619(a)(9) (West 2010). Section 2-619(a)'s purpose is to provide litigants with a method of disposing of issues of law and easily proved issues of fact–*relating to the affirmative matter*–early in the litigation. *Van Meter v. Darien Park District*, 207 Ill. 2d 359, 367, 799 N.E.2d 273, 278 (2003).

¶ 31    A motion for involuntary dismissal under section 2-619(a)(9) of the Code admits the legal sufficiency of the complaint, admits all well-pleaded facts and all reasonable inferences therefrom, and asserts an affirmative matter outside the complaint bars or defeats the cause of action. *Kean v. Wal-Mart Stores, Inc.*, 235 Ill. 2d 351, 361, 919 N.E.2d 926, 931-32 (2009); *Smith v. Waukegan Park District*, 231 Ill. 2d 111, 120, 896 N.E.2d 232, 238 (2008); *Snyder v. Heidelberger*, 2011 IL 111052, ¶ 8, 953 N.E.2d 415. In a section 2-619(a) motion, the movant is essentially saying " 'Yes, the complaint was legally sufficient, but an affirmative matter exists that defeats the claim.' " *Winters*, 386 Ill. App. 3d at 792, 898

N.E.2d at 779. When ruling on the section 2-619(a)(9) motion, the court construes the pleadings "in the light most favorable to the nonmoving party" (*Sandholm v. Kuecker*, 2012 IL 111443, ¶ 55, 962 N.E.2d 418), and should only grant the motion "if the plaintiff can prove no set of facts that would support a cause of action" (*Snyder*, 2011 IL 111052, ¶ 8, 953 N.E.2d 415). A section 2-619(a)(9) motion dismissal is reviewed *de novo*. *Kean*, 235 Ill. 2d at 361, 919 N.E.2d at 932.

¶ 32                              1. *Affirmative Matter Under Section 2-619(a)(9)*

¶ 33        The standard articulation of an affirmative matter is

" '[A] type of defense that either negates an alleged cause of action completely or refutes crucial conclusions of law or conclusion[s] of material fact unsupported by allegations of specific fact contained [in] or inferred from the complaint *** [not] merely evidence upon which defendant expects to contest an ultimate fact stated in the complaint.' " *Smith*, 231 Ill. 2d at 121, 896 N.E.2d at 238 (quoting 4 Richard A. Michael, Illinois Practice § 41.7, at 332 (1989)).

The supreme court has further described an affirmative matter as "some kind of defense 'other than a negation of the essential allegations of the plaintiff's cause of action' " (*Smith*, 231 Ill. 2d at 120-21, 896 N.E.2d at 238 (quoting *Kedzie & 103rd Currency Exchange, Inc. v. Hodge*, 156 Ill. 2d 112, 115, 619 N.E.2d 732, 735 (1993)), and " 'something in the nature of a defense which negates the cause of action completely' " (*Van Meter*, 207 Ill. 2d at 367, 799 N.E.2d at 278 (quoting *Illinois Graphics Co. v. Nickum*, 159 Ill. 2d 469, 486, 639 N.E.2d 1282, 1290 (1994))). For example, the existence of tort immunity or plaintiff's lack of standing is a proper affirmative matter pursuant to section 2-619(a)(9) as each completely defeats the plaintiff's ability to successfully prosecute its claim against the defendant. *Smith*, 231 Ill. 2d at 121, 896 N.E.2d at 238 (tort immunity); *Jackson v. Randle*, 2011 IL App (4th) 100790, ¶ 12, 957 N.E.2d 572 (standing); see also 4 Richard A. Michael, Illinois Practice § 41:7, at 475-78 (2d ed. 2011) (listing other defenses Illinois courts have held to be affirmative matters).

¶ 34        An affirmative matter does not include " 'evidence upon which defendant expects to contest an ultimate fact stated in the complaint.' " *Smith*, 231 Ill. 2d at 121, 896 N.E.2d at 238 (quoting 4 Richard A. Michael, Illinois Practice § 41.7, at 332 (1989)); *Malanowski v. Jabamoni*, 293 Ill. App. 3d 720, 723, 688 N.E.2d 732, 735 (1997) (First District) ("Evidence that merely refutes a well-pled fact in the complaint is not an 'affirmative matter' within the meaning of [section 2-619(a)(9)]."); *Zahl v. Krupa*, 365 Ill. App. 3d 653, 659, 850 N.E.2d 304, 310 (2006) (Second District) (affirmative matter is " 'something more than evidence offered to refute a well-pleaded fact in the complaint' " (quoting *Heller Equity Capital Corp. v. Clem Environmental Corp.*, 232 Ill. App. 3d 173, 178, 596 N.E.2d 1275, 1280 (1992) (First District))). In other words, an affirmative matter is not the defendant's version of the facts as such a basis merely tends to negate the essential allegations of the plaintiff's cause of action. *Howle*, 2012 IL App (4th) 120207, ¶ 34, 978 N.E.2d 1132; *Smith*, 231 Ill. 2d at 120-22, 896 N.E.2d at 238; *In re Marriage of Vaughn*, 403 Ill. App. 3d 830, 835-36, 935 N.E.2d 123, 127 (2010) (First District) (" '[W]here the affirmative matter is merely evidence

upon which defendant expects to contest an ultimate fact stated in the complaint, section 2-619(a)(9) should not be used.' " (quoting *A.F.P. Enterprises, Inc. v. Crescent Pork, Inc.*, 243 Ill. App. 3d 905, 912, 611 N.E.2d 619, 624 (1993) (Second District))); *Glass Specialty Co., v. Litwiller*, 147 Ill. App. 3d 653, 655, 498 N.E.2d 876, 878 (1986) (Third District) (an affirmative matter "does not include every statement of evidentiary fact which tends to negate allegations of the complaint"). Accordingly, section 2-619(a)(9) does not authorize the defendant to submit affidavits or evidentiary matter for the purpose of contesting the plaintiff's factual allegations and presenting its version of the facts. See *Smith*, 231 Ill. 2d at 121-22, 896 N.E.2d at 238-39. Where a defendant seeks to address the complaint's factual allegations, a summary judgment motion pursuant to section 2-1005 of the Code is the proper vehicle. *Howle*, 2012 IL App (4th) 120207, ¶ 37, 978 N.E.2d 1132; *Barber-Colman Co. v. A&K Midwest Insulation Co.*, 236 Ill. App. 3d 1065, 1077, 603 N.E.2d 1215, 1224 (1992) (Fifth District) ("[S]ection 2-619 motions should not be used to attack the factual basis of the claim itself; if such an attack is to be made, it should be by a summary judgment motion under section 2-1005 [(735 ILCS 5/2-1005 (West 2010))].").

¶ 35    In *Howle*, this court addressed a motion to dismiss pursuant to section 2-619(a)(9) in which the defendant argued it was not liable for personal injuries sustained as a result of a dog bite. *Howle*, 2012 IL App (4th) 120207, ¶ 21, 978 N.E.2d 1132. The defendant attached to its motion an affidavit from defendant's vice president which claimed defendant never owned or controlled any of the dogs involved. *Howle*, 2012 IL App (4th) 120207, ¶ 21, 978 N.E.2d 1132. This court concluded the defendant's arguments addressed an essential issue regarding liability "and amounted to nothing more than [the defendant's] negation of an essential element of [the plaintiff's] complaint." *Howle*, 2012 IL App (4th) 120207, ¶ 32, 978 N.E.2d 1132. This court characterized the defendant's response as an answer and, similar to the descriptions provided in *Winters*, described the defendant's motion as a " 'Not true' " response "that is essentially an answer denying an allegation set forth in the complaint." *Howle*, 2012 IL App (4th) 120207, ¶ 36, 978 N.E.2d 1132.

¶ 36                            2. *Burden of Presenting an Affirmative Matter*

¶ 37    As the movant of a motion for involuntary dismissal pursuant to section 2-619(a)(9) of the Code, the defendant, "has the burden of proof on the motion, and the concomitant burden of going forward." 4 Richard A. Michael, Illinois Practice § 41:8, at 481 (2d ed. 2011). "It is well settled that the 'affirmative matter' asserted by the defendant must be apparent on the face of the complaint; otherwise, the motion must be supported by affidavits or certain other evidentiary materials." *Van Meter*, 207 Ill. 2d at 377, 799 N.E.2d at 284; *Hodge*, 156 Ill. 2d at 116, 619 N.E.2d at 735 ("By presenting adequate affidavits supporting the asserted [affirmative] defense [citation], the defendant satisfies the initial burden of going forward on the motion."); see *Nichol v. Stass*, 192 Ill. 2d 233, 247-48, 735 N.E.2d 582, 591 (2000) (defendant did not submit affidavits or other material in support of motion to dismiss and the allegations in the complaint did not disclose that the action was barred by affirmative matter); *Betts v. Manville Personal Injury Settlement Trust*, 225 Ill. App. 3d 882, 894-97, 588 N.E.2d 1193, 1201-03 (1992) (discussing use of deposition testimony to establish cause of action was barred by statute of limitations). If the defendant carries this initial burden of

going forward, the burden then shifts to the plaintiff, who must establish that the affirmative matter asserted either is " ' "unfounded or requires the resolution of an essential element of material fact before it is proven." ' " *Van Meter*, 207 Ill. 2d at 377, 799 N.E.2d at 284 (quoting *Epstein v. Chicago Board of Education*, 178 Ill. 2d 370, 383, 687 N.E.2d 1042, 1049 (1997), quoting *Hodge*, 156 Ill. 2d at 116, 619 N.E.2d at 735). The plaintiff may establish this burden by presenting "affidavits or other proof." 735 ILCS 5/2-619(c) (West 2010).

¶ 38        D. JThree's "Motion To Dismiss" Count IV (Negligent Supervision)

¶ 39        In its memorandum, JThree asserted the trial court should dismiss count IV because "Plaintiff has failed to allege true facts to establish a duty and breach of duty." JThree articulated count IV was deficient because (1) pursuant to section 2-619(a)(9), the court should strike plaintiff's "false" allegation that Sawyer made an "illegal" left turn out of the U.S. Bank parking lot "based on Jake Sawyer's [deposition] testimony and consider whether Plaintiff has stated a cause of action without the allegation" and "the burden is on Plaintiff to support his allegation and supply an affidavit to contradict Jake Sawyer's testimony"; (2) an employer does not have a duty to supervise its employees to select among various streets based on their anticipated degree of safety to other roadway users; and (3) pursuant to section 2-615, plaintiff has failed to plead facts to support his allegation JThree knew or should have known its employees made a regular practice of making an "illegal" left turn.

¶ 40        As with its "motion" to dismiss count I, JThree's "motion" combines section 2-615(a) and section 2-619(a)(9) based arguments and is not in compliance with section 2-619.1's requirements.

¶ 41        JThree moved to strike plaintiff's "false" allegation the left turn is "illegal" pursuant to section 2-619(a)(9). A motion to strike is properly brought pursuant to section 2-615(a), not section 2-619(a)(9), and is "appropriate only if the allegation attacked is both irrelevant and prejudicial to the moving party." 3 Richard A. Michael, Illinois Practice § 27:2, at 687 (2d ed. 2011); 735 ILCS 2-615(a) (West 2010). JThree does not attack the "illegal" allegation as irrelevant or prejudicial, but as "false." JThree's concern may be that it does not want to admit the allegation the turn was illegal. It is true "facts and not conclusions are to be pleaded" (*Adkins v. Sarah Bush Lincoln Health Center*, 129 Ill. 2d 497, 519, 544 N.E.2d 733, 744 (1989)), and plaintiff's amended complaint alleges Sawyer failed to yield to traffic on the day of the accident, but did not cite any state statute or local ordinance for his allegation the turn was illegal. (On appeal, plaintiff provides two City of Springfield ordinances (Springfield Ordinance Code § 74.86 (adopted Mar. 21, 1989); Springfield Ordinance Code § 74.08(c) (adopted Mar. 21, 1989)) in support of the assertion Sawyer's conduct was illegal for avoiding the traffic signal.) A section 2-619 motion only admits the essential allegations of the cause of action pleaded and "[f]acts pleaded that are not relevant to the pleader's prima facie case are not 'well pleaded.' " 4 Richard A. Michael, Illinois Practice § 41:2, at 418-20 (2d ed. 2011). Plaintiff provided factual allegations stating Sawyer (1) drove across the parking lot to avoid the traffic signal and (2) turned left out of the U.S. Bank parking lot (plaintiff does not expressly allege Sawyer crossed a lane of traffic, only that Sawyer was

turning east and plaintiff was traveling westbound). Plaintiff's allegations are sufficient to support his claim JThree negligently supervised its employee. See *Doe v. Brouillette*, 389 Ill. App. 3d 595, 606, 906 N.E.2d 105, 115-16 (2009); *Platson v. NSM, America, Inc.*, 322 Ill. App. 3d 138, 144, 748 N.E.2d 1278, 1284 (2001) (setting forth *prima facie* elements of negligent supervision). For sake of argument, when the adjective "illegal" is omitted from plaintiff's allegations, its absence has no effect on whether plaintiff adequately pleaded a cause of action for negligent supervision.

¶ 42    JThree's motion to dismiss pursuant to section 2-619(a)(9) does not properly assert an affirmative matter. JThree's memorandum selectively emphasized the definition of an "affirmative matter" to read "a defense which negates conclusions of material fact contained in the complaint" and asserts the burden is on plaintiff to "contradict" Sawyer's deposition testimony. JThree attempts to shift the burden of production of proving the "affirmative matter" by presenting deposition testimony and asserts the court should determine the legality of the turn based on the deposition testimony. This is a blatant attempt to contradict plaintiff's allegations, and is a guise for what JThree is really saying, "Plaintiff's allegations I was negligent are not true because the facts presented in Sawyer's deposition prove I am not." It is JThree's burden to prove the existence of an affirmative matter that completely bars plaintiff's cause of action and presenting evidence it seeks to contest plaintiff's factual allegation–with Sawyer's deposition–is not an affirmative matter. The legality of the turn relates to plaintiff's essential allegation that JThree negligently supervised Sawyer and does not completely bar or negate plaintiff's claim. It does not demand the conclusion JThree is or is not negligent or that JThree is protected from liability for its negligence. See *Kalata v. Anheuser-Busch Cos.*, 144 Ill. 2d 425, 434-35, 581 N.E.2d 656, 661 (1991) (ordinance violation does not constitute *per se* negligence). Section 2-619(a)(9) is not a proper vehicle to contest factual allegations; nor does it authorize a fact-based "mini-trial" on whether plaintiff can support his allegations, as JThree implies. Such a fact-based motion is properly treated under summary judgment.

¶ 43    Plaintiff should be permitted (if he so chooses) to amend his amended complaint on count IV.


¶ 44          E. Jimmy John's "Motion To Dismiss" Count II (Negligent Training)
                    and Count III (Negligent Supervision)

¶ 45    Jimmy John's moved in its single-sentence motion to dismiss pursuant to section 2-619(a)(9) of the Code. In its memorandum section, it argued for dismissal under section 2-619(a)(9) on the grounds (1) it owed no duty to plaintiff to train or supervise Sawyer because "it did not authorize or encourage its delivery drivers to ignore the rules of the road or operate their vehicles in a negligent fashion," and (2) based on the "undisputed evidence" of Sawyer's deposition testimony and Vaughan's affidavit, an agency relationship did not exist between it and Sawyer. Jimmy John's memorandum relies on Vaughan's affidavit and Sawyer's deposition testimony to assert (1) it did not assert control over JThree, JThree's employees, or Sawyer, and (2) Sawyer is JThree's employee.

¶ 46    Jimmy John's inclusion of an affidavit and deposition testimony in support of its

"motion" is a red flag the "motion" merely contests plaintiff's factual allegations and is not in compliance with section 2-619 of the Code. Here, Jimmy John's sought to use an unopposed affidavit and deposition testimony to establish "undisputed" facts to show plaintiff's cause of action is defective. Rather than asserting an affirmative matter, Jimmy John's is misusing section 2-619(a)(9) to contest–with facts outside the pleadings–the amended complaint's factual allegations. The crux of Jimmy John's "motion" asserts Sawyer was not its employee, *i.e.*, plaintiff's allegations it is liable as Sawyer's employer are not true. Paragraph eight of the amended complaint does not distinguish which defendants have control over whom and frustrates plaintiff's claim of Jimmy John's control over JThree and Sawyer; however, it implies the franchisor is the entity asserting control over the franchisee. In his brief on appeal, plaintiff asserts Jimmy John's controlled Sawyer as evidenced by (1) the fact Jimmy John's auditors visit the franchise store on Iles Avenue "to grade the store and have checklists they complete about the cleanliness of the store and appearance of the employees," and (2) Sawyer and other delivery drivers parked their delivery vehicles along the curb (plaintiff speculates the vehicles were parked in the fire lane) outside the restaurant, thus giving defendants knowledge about dangerous driving behavior. Plaintiff did not include these factual allegations in his amended complaint although Sawyer's deposition was taken before it was filed. Ordinarily, "[t]he existence and scope of an agency relationship are usually questions of fact to be decided by the trier of fact, unless the parties' relationship is so clear as to be undisputed." *Zahl*, 365 Ill. App. 3d at 661, 850 N.E.2d at 312. This is not a case where the agency relationship between Jimmy John's and Sawyer is so clear as to be undisputed. The question of Jimmy John's control over Sawyer is a question appropriately resolved either at trial or in a fact-based motion. See *Howle*, 2012 IL App (4th) 120207, ¶ 37, 978 N.E.2d 1132. Moreover, Jimmy John's purported section 2-619(a)(9) "motion" admitted the legal sufficiency of the complaint and accepted, for purposes of its motion, plaintiff's factual allegations about training and its control over franchisee employees. To attack plaintiff's complaint for failure to plead facts to bring the claim within a recognized cause of action, Jimmy John's should have brought a section 2-615 motion.

¶ 47    As discussed above, at this stage, plaintiff is not required to prove how Jimmy John's negligently instructed or trained its employees. Plaintiff has alleged sufficient facts, taken as true, under general negligence principles to indicate Jimmy John's owed a duty to plaintiff to properly train its delivery driver employees in light of its 15-minute delivery policy.

¶ 48    As to the merits of count III (negligent supervision), we note plaintiff did not incorporate its allegation of Sawyer's driving maneuver contained in paragraph 38 of the amended complaint against Jimmy John's but only asserted it against JThree. In an action for negligent supervision, plaintiff must allege the employer knew or should have known its employees behaved in a "dangerous or otherwise incompetent manner." (Internal quotation marks omitted.) *Doe*, 389 Ill. App. 3d at 606, 906 N.E.2d at 115-16. Ordinarily, an occurrence on the date of the accident is insufficient to show an employer knew or should have known of a routine practice of the alleged dangerous behavior before the accident. See *Van Horne v. Muller*, 185 Ill. 2d 299, 315, 705 N.E.2d 898, 906 (1998) ("The type of prior conduct by an employee which will be sufficient to put an employer on notice that the employee is unfit for a particular position will differ in every case."). The allegation of Sawyer's left turn on the

day of the accident is the only factual allegation against Jimmy John's about an employee's dangerous behavior. However, Jimmy John's section 2-619(a)(9) "motion" admitted the legal sufficiency of the complaint but did not assert it failed to properly state a claim for negligent supervision.

¶ 49    As the grounds stated in its "motion" and set forth and argued in its memorandum and on appeal are not proper grounds for dismissal under section 2-619(a)(9), the trial court erred in granting Jimmy John's motion to dismiss on count II and count III. Plaintiff should be permitted (if he so chooses) to amend his amended complaint on count II and count III.

¶ 50                              F. A Note on Defendants' Motions

¶ 51    At oral argument the parties suggested section 2-615 and section 2-619 motions are similar to a motion for summary judgment pursuant to section 2-1005 of the Code (735 ILCS 5/2-1005 (West 2010)), and both parties used sections 2-615(a) and 2-619(a)(9) to argue factual issues outside the amended complaint. We reiterate section 2-615(a) and section 2-619(a)(9) are not proper vehicles to contest factual allegations contained in the complaint. The Code and meticulous motion practice demands preservation of the distinctions between sections 2-615, 2-619, and 2-1005.

¶ 52    A crucial distinction between a section 2-615(a) motion and a summary judgment motion lies in what each motion assumes from the trial court: a section 2-615(a) motion accepts all well-pleaded facts while questioning whether the pleadings sufficiently state a cause of action; in contrast a motion for summary judgment challenges the facts and " ' "assumes that a cause of action has been stated." ' " *Mydlach v. DaimlerChrysler Corp.*, 226 Ill. 2d 307, 315, 875 N.E.2d 1047, 1055 (2007) (quoting *Delgatto v. Brandon Associates, Ltd.*, 131 Ill. 2d 183, 190, 545 N.E.2d 689, 692 (1989), quoting *Janes*, 57 Ill. 2d at 406, 312 N.E.2d at 609). Another distinction is a section 2-615 motion considers only the facts on the face of the pleadings while a section 2-1005 summary judgment motion goes beyond the pleadings to determine if the case presents an issue of fact. See 4 Richard A. Michael, Illinois Practice § 38:3, at 308-12 (2d ed. 2011) (discussing relationship of summary judgment motion to other dispositive motions); see also *Lebron v. Gottlieb Memorial Hospital*, 237 Ill. 2d 217, 227, 930 N.E.2d 895, 901 (2010) (describing a motion for judgment on the pleadings (735 ILCS 5/2-615(e) (West 2010)) as " 'like a motion for summary judgment limited to the pleadings' " (internal quotation marks omitted) (quoting *Employers Insurance of Wausau v. Ehlco Liquidating Trust*, 186 Ill. 2d 127, 138, 708 N.E.2d 1122, 1129 (1999), quoting 3 Richard A. Michael, Illinois Practice § 27.2, at 494 (1989)).

¶ 53    A section 2-619(a)(9) motion shares procedural similarities with a summary judgment motion in that affidavits and other evidentiary matter is permitted to support the affirmative matter, and a shifting burden of proof upon satisfaction of the defendant's burden of producing an affirmative matter that completely bars the plaintiff's cause of action. A section 2-619(a)(9) motion is not a substitute for a summary judgment motion. *Malanowski*, 293 Ill. App. 3d at 724, 688 N.E.2d at 735. A section 2-619(a)(9) motion to dismiss is the proper vehicle to assert "Plaintiff's complaint states a legally sufficient claim, but an affirmative matter defeats plaintiff's claim." See *Winters*, 386 Ill. App. 3d at 792, 898 N.E.2d at 779.

Section 2-619(a)(9) does not authorize motions asserting plaintiff's essential allegations are "not true"–the motion accepts all well-pleaded facts as true–and is not a shortcut to resolve factual issues about the veracity of plaintiff's essential allegations. When the defendant submits a "Not true" motion, defendant's burden of production has not been met–there is no affirmative matter–and the burden does not shift to the plaintiff to refute the defendant's factual allegations contained in the motion. See *Smith*, 231 Ill. 2d at 121-22, 896 N.E.2d at 238-39 (plaintiff's failure to respond to affidavit is not fatal because the affidavit, which attempted to negate the essential allegations of the plaintiff's claim, does not constitute an affirmative matter); *Van Meter*, 207 Ill. 2d at 379-80, 799 N.E.2d at 285-86 (municipal defendants failed to met their burden of establishing their affirmative defense of immunity). Section 2-619(a)(9) permits resolution of "easily proved issues of fact" about the affirmative matter, and evidentiary material submitted in support of the motion must go to the affirmative matter. Where the defendant uses the material to support its version of the facts, point out the factual deficiencies in plaintiff's case, or allege plaintiff cannot prove his case, it is apparent the defendant is merely challenging the truthfulness of the plaintiff's factual allegations and a fact-based motion such as a section 2-1005 motion should be used. If the defendant improperly submits a motion pursuant to section 2-619 that argues the plaintiff cannot prove his case, and the plaintiff is not prejudiced by the defendant's misdesignation, the motion may be treated as a summary judgment motion. *Malanowski*, 293 Ill. App. 3d at 724, 688 N.E.2d at 735; *Howle*, 2012 IL App (4th) 120207, ¶ 39, 978 N.E.2d 1132; see also *Willett v. Cessna Aircraft Co.*, 366 Ill. App. 3d 360, 368-69, 851 N.E.2d 626, 633-34 (2006) (discussing use of supporting affidavits for summary judgment motions).

¶ 54                            G. Plaintiff's Other Counts

¶ 55       Where an appeal is from dismissal of multiple counts of the complaint but the appellant only argues certain counts in the brief on appeal, the other counts are not considered as they are deemed forfeited pursuant to Illinois Supreme Court Rule 341(h)(7) (eff. July 1, 2008). See *Sellers v. Rudert*, 395 Ill. App. 3d 1041, 1046, 918 N.E.2d 586, 591 (2009) (appellant forfeits points not raised in initial brief). As plaintiff did not argue error in the trial court's dismissal of count V (implied authority), count VI (joint venture), or count VII (apparent authority), he has abandoned those counts on appeal and forfeited them for purposes of remand.

¶ 56                            III. CONCLUSION

¶ 57       We reverse the trial court's dismissal of plaintiff's amended complaint as to counts I, II, III, and IV, affirm dismissal of all other counts due to plaintiff's failure to argue them in this appeal, and remand for further proceedings.

¶ 58       Affirmed in part and reversed in part; cause remanded.

¶ 59     JUSTICE TURNER, dissenting.

¶ 60     I respectfully dissent and would affirm the trial court's judgment *in toto*.

¶ 61     Here, the trial court dismissed plaintiff's original complaint but granted leave to file an amended complaint based on a theory of direct liability. According to Jimmy John's, the court allowed plaintiff to take the deposition of Jake Sawyer to determine whether there were any facts upon which he could state direct liability claims. Plaintiff does not dispute Jimmy John's assertion, and page one of Sawyer's deposition states, "Discovery deposition of Jake Sawyer taken at the instance of the Plaintiff."

¶ 62     Following Sawyer's deposition, plaintiff filed an amended complaint asserting the direct liability counts which are the subject of this appeal. Paragraph 22 of count I of the amended complaint alleges "Jake Sawyer was given a manual to 'review' for twenty (20) minutes when he was first hired as a delivery driver for Defendants. There was no information reviewed on how to make proper and safe deliveries of sandwiches, and the only areas of the manual committed to memory by Jake Sawyer were the provisions as to how to dress/uniform requirements for Defendants and safety rules as to use of knives at the stores of the Defendants." This paragraph was incorporated into each count at issue in this appeal, and it is indisputable the facts plaintiff alleged were plucked from Sawyer's discovery deposition.

¶ 63     All defendants filed motions to dismiss and cited the transcript of Sawyer's deposition, which was filed with the trial court. Jimmy John's also attached to its motion to dismiss an affidavit of Jeff Vaughan, the chief financial officer of Jimmy John's Franchise, LLC. The record does not reflect plaintiff objected to the court's consideration of Sawyer's discovery deposition or to the consideration of Vaughan's affidavit in ruling on the motions.

¶ 64     As noted by the majority, Jimmy John's motion was filed pursuant to section 2-619(a) of the Code and JThree's motion was filed in part pursuant to section 2-619(a) of the Code.

¶ 65     "The purpose of a motion to dismiss under section 2-619 *** is to afford litigants a means to dispose of issues of law and easily proved issues of fact at the outset of a case ***." *Zedella v. Gibson*, 165 Ill. 2d 181, 185, 650 N.E.2d 1000, 1002 (1995). "Section 2-619(a)(9) allows dismissal when 'the claim asserted *** is barred by other affirmative matter avoiding the legal effect of or defeating the claim.' " *Zedella*, 165 Ill. 2d at 185, 650 N.E.2d at 1002 (quoting Ill. Rev. Stat. 1991, ch. 110, ¶ 2-619(a)(9)). "In ruling on a motion to dismiss under section 2-619, the trial court may consider pleadings, depositions, and affidavits. [Citation.] When supporting affidavits have not been challenged or contradicted by counter-affidavits or other appropriate means, the facts stated therein are deemed admitted." *Zedella*, 165 Ill. 2d at 185, 650 N.E.2d at 1002.

¶ 66     As the majority concedes, plaintiff, pursuant to paragraph 19 of the amended complaint, has alleged and must prove defendants had a policy of delivering sandwiches within 15 minutes of ordering. *Supra* ¶ 9. When considering the deposition and affidavit submitted with the motions to dismiss, the trial court correctly concluded plaintiff's cause of action was completely negated. Plaintiff simply cannot prove the existence of a 15-minute policy or that Sawyer, due to a perceived 15-minute company policy, was attempting a "freaky fast" delivery when the accident occurred. Thus, even assuming *arguendo* defendants had a duty

to train or supervise, plaintiff's amended complaint should be dismissed.

¶ 67     I agree with the majority that the bar and trial courts should be attentive to rules and labels governing motion practice. However, I do not equate what happened here to be a slipshod practice. *Supra* ¶ 22. Plaintiff was afforded the opportunity to depose Sawyer to discover facts that would allow him to properly plead a cause of action. Indeed, the trial court was invited to consider the deposition testimony and heard no objection to consideration of the affidavit.

¶ 68     The majority notes section 2-619(a)(9) is an inappropriate vehicle to contest factual allegations (*supra* ¶ 42) and states Jimmy John's use of an affidavit and deposition testimony in support of its motion is improper (*supra* ¶ 46). The majority concludes that where the defendant seeks to attack the factual sufficiency of the claim because there is no genuine issue of material fact, the defendant should move for summary judgment pursuant to section 2-1005 of the Code. *Supra* ¶ 34. I would add that "[a]lthough a section 2-619(a)(9) motion may not be used as a substitute for a summary judgment motion ***[,] they are similar in that a fact motion under section 2-619 essentially amounts to a summary judgment procedure." *Malanowski v. Jabamoni*, 293 Ill. App. 3d 720, 724, 688 N.E.2d 732, 735 (1997). While the deposition and affidavit here may not be typical "other affirmative matter," the parties invited the trial court to consider them as such. Accordingly, in the interest of judicial economy, I would follow the *Howle* precedent where this court opted to address an argument incorrectly raised in a section 2-619(a)(9) motion to dismiss as a section 2-1005 motion for summary judgment. *Howle*, 2012 IL App (4th) 120207, ¶ 39, 978 N.E.2d 1132. In similarly opting, I would find plaintiff's action must necessarily fail against Jimmy John's. Moreover, based on the facts already known by the parties and the trial court, the same result should apply to JThree even though it, in part, sought dismissal using section 2-615. See *Economy Fire & Casualty Co. v. Brumfield*, 384 Ill. App. 3d 726, 730, 894 N.E.2d 421, 425 (2008) (noting we may affirm the trial court's judgment on any basis supported by the record); see also *Tedrick v. Community Resource Center, Inc.*, 235 Ill. 2d 155, 161, 920 N.E.2d 220, 223 (2009) (noting a cause of action should not be dismissed pursuant to section 2-615 unless it is clearly apparent no set of facts can be proved entitling the plaintiff to relief).