NOTICE
This Order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2026 IL App (4th) 250792-U

NO. 4-25-0792

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
May 8, 2026
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| BRADLEY WALTERS, | ) | Appeal from the |
|     Plaintiff-Appellant, | ) | Circuit Court of |
|     v. | ) | Ogle County |
| THE OGLE COUNTY SHERIFF'S OFFICE, | ) | No. 24LA24 |
|     Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Clayton L. Lindsey, |
| | ) | Judge Presiding. |

JUSTICE LANNERD delivered the judgment of the court.
Justices DeArmond and Harris concurred in the judgment.

**ORDER**

¶ 1    *Held*: The trial court did not err in granting defendant's motion to dismiss plaintiff's complaint when the matter was barred by principles of *res judicata*.

¶ 2    Plaintiff, Bradley Walters, is a federal detainee housed at the Ogle County jail while awaiting trial for federal criminal charges. In July 2024, plaintiff, appearing *pro se,* filed a complaint against defendant, the Ogle County Sheriff's Office (Sheriff's Office), alleging the Sheriff's Office violated 20 provisions of the U.S. Marshals Service Federal Performance Based Detention Standards (detention standards) in violation of his rights under the United States Constitution.

¶ 3    The case was removed to federal court, which dismissed the federal claims with prejudice and relinquished jurisdiction over any state claims. See *Walters v. Ogle County Sheriff's Office*, No. 24-cv-50409, (N.D. Ill. Mar. 18, 2025). Plaintiff then filed a first amended complaint

in state court alleging the same federal claims.

¶ 4     The Sheriff's Office filed a motion to dismiss the complaint pursuant to section 2-615 of the Code of Civil Procedure (735 ILCS 5/2-615 (West 2024)). The trial court granted the motion to dismiss with prejudice. Plaintiff moved to reconsider, seeking leave to file a second amended complaint alleging the same factual allegations but asserting violations of the Illinois Constitution. The court denied the motion.

¶ 5     On appeal, plaintiff argues the trial court erred in granting the motion to dismiss. We affirm.

¶ 6                              I. BACKGROUND

¶ 7     In his original complaint, plaintiff alleged the Sheriff's Office has an agreement with the U.S. Marshals Service to house federal detainees, such as himself, at the Ogle County jail and to follow the detention standards. Plaintiff alleged he was being injured by 20 violations of the detention standards, in violation of his rights under the first, fifth, eighth, and fourteenth amendments to the United States Constitution (U.S. Const., amends. I, V, VIII, XIV). Plaintiff also alleged the violations of the detention standards violated the federal Civil Rights Act (42 U.S.C. § 1983 (2024)).

¶ 8     The Sheriff's Office removed the case to federal court, which dismissed the case with prejudice for failure to state a claim. The court referred to an "amended complaint" in its order, but an amended complaint filed in the federal court does not appear in the record. *Walters*, No. 24-cv-50409 (N.D. Ill. Mar. 18, 2025). The court found the detention standards did not grant individuals in custody a private right of action to enforce the standards. Thus, plaintiff could not sue the Sheriff's Office to do so even if conditions at the jail fell below the detention standards. Noting plaintiff had filed a motion to " 'change venue,' " the court granted that motion to the extent

plaintiff had any state-law claims. *Id.* The court entered a "final judgment" on the federal claims, relinquished jurisdiction over any state-law claims, and remanded to state court for consideration of any state claims. *Id.*

¶ 9        Following the federal court's dismissal of the federal claims, plaintiff filed a motion to reinstate his complaint. Plaintiff then filed a first amended complaint, making the same federal-law allegations. The Sheriff's Office filed a motion to dismiss the amended complaint under section 2-615 of the Code of Civil Procedure (735 ILCS 5/2-615 (West 2024)). The Sheriff's Office argued, in part, plaintiff failed to state a claim because he alleged the identical federal claims that were dismissed with prejudice by the federal court and failed to state any other causes of action. See *id.* § 2-615(a).

¶ 10        The docket sheet shows the trial court held a hearing with plaintiff present and heard arguments on the matter. In a written order, the court dismissed the complaint with prejudice "for the reasons stated on the record." There is no transcript or substitute for a transcript of that hearing in the record.

¶ 11        Plaintiff filed a motion to reconsider the dismissal. However, instead of providing grounds for reconsideration, he requested leave to file an attached second amended complaint. In the second amended complaint, plaintiff alleged the Sheriff's Office failed to follow the same 20 detention standards, in violation of his rights under article I, sections 1, 2, 5, and 20 of the Illinois Constitution (Ill. Const. 1970, art. 1 §§ 1, 2, 5, 20).

¶ 12        The record shows the trial court conducted a hearing on the matter with plaintiff present and denied the motion. There is no transcript or substitute for a transcript of that hearing in the record.

¶ 13        This appeal followed.

¶ 14                                    II. ANALYSIS

¶ 15         On appeal, plaintiff contends the trial court erred by granting the Sheriff's Office's

motion to dismiss. At the outset we note there is no transcript or substitute for a transcript for any

of the hearings held in the trial court.

¶ 16         The appellant bears the burden of furnishing the reviewing court with a sufficiently

complete record of the trial court proceedings. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391 (1984).

Absent such a record on appeal, it will be presumed the order entered by the trial court was in

conformity with the law and had a sufficient factual basis. *Id.* at 392. Any doubts arising from the

incompleteness of the record will be resolved against the appellant. *Id.*

¶ 17         However, the applicable standard of review is determinative. A section 2-615(a)

motion dismissal is reviewed *de novo*. *Reynolds v. Jimmy John's Enterprises, LLC*, 2013 IL App

(4th) 120139, ¶ 25. While providing a complete record on appeal is good practice, it is not

prohibitive of addressing the issues on appeal where, as here, the standard of review is *de novo*.

See *Friedl v. Airsource, Inc.*, 323 Ill. App. 3d 1039, 1042 n.2 (2001). Therefore, plaintiff's issues

on appeal related to the initial grant of the motion to dismiss will be addressed.

¶ 18         A section 2-615(a) motion to dismiss tests the legal sufficiency of the complaint

based on defects apparent on its face when the facts pleaded do not state a cause of action against

the defendant. *Reynolds*, 2013 IL App (4th) 120139, ¶ 25.

> "A section 2-615(a) motion presents the question of whether the facts alleged in the
>
> complaint, viewed in the light most favorable to the plaintiff, and taking all
>
> well-pleaded facts and all reasonable inferences that may be drawn from those facts
>
> as true, are sufficient to state a cause of action upon which relief may be granted."
>
> *Id.*

A cause of action should not be dismissed under section 2-615 unless it is clearly apparent that no set of facts can be proved that would entitle the plaintiff to recovery. *Id.* As previously noted, we review a section 2-615(a) motion dismissal *de novo*. *Id.*

¶ 19        Here, among the reasons set forth by the Sheriff's Office as arguments for dismissal of the complaint was that the federal court already determined plaintiff failed to state a claim. While we lack a record to know the reason the trial court dismissed the complaint, we may affirm on any basis warranted by the record. *Reyes v. Walker*, 358 Ill. App. 3d 1122, 1124 (2005). We agree that when the federal court had already dismissed the same claims with prejudice, it was proper for the state trial court to dismiss the amended complaint under principles of *res judicata*.

¶ 20        Under the doctrine of *res judicata*, "a final judgment on the merits rendered by a court of competent jurisdiction bars any subsequent actions between the same parties or their privies on the same cause of action." *Young v. Wilkinson*, 2022 IL App (4th) 220302, ¶ 34. "*Res judicata* bars not only what was *actually* decided in the first action but also those matters that *could have been* decided." (Emphases in original.) *Id.* For the doctrine of *res judicata* to apply, three requirements must be satisfied: (1) there was a final judgment on the merits rendered by a court of competent jurisdiction, (2) there is an identity of cause of action, and (3) there is an identity of parties or their privies. *River Park, Inc. v. City of Highland Park*, 184 Ill. 2d 290, 302 (1998).

¶ 21        Here, plaintiff's initial complaint alleged federal constitutional issues. The federal court's entry of a "final judgment" (*Walters*, No. 24-cv-50409 (N.D. Ill. Mar. 18, 2025)) on the federal claims and dismissal of the complaint with prejudice was a final judgment on the merits of the federal claims. See *Ball v. City of Indianapolis*, 760 F.3d 636, 640-42 (7th Cir. 2014) (holding a decision on federal claims was final and reviewable when the federal court exercised discretion

to relinquish jurisdiction over remaining state-law claims). Plaintiff then filed the same federal claims again in state court against the same defendant. Thus, there was a final judgment on the merits, an identity of parties, and an identity of the cause of actions. Accordingly, the matters raised in plaintiff's first amended complaint were barred by *res judicata*. See *City of Chicago v. St. John's United Church of Christ*, 404 Ill. App. 3d 505, 512-13 (2010).

¶ 22        As to the denial of the motion to reconsider, we note plaintiff focuses his argument on the denial of the motion to dismiss. He does not specifically argue the trial court erred by failing to allow him leave to file a second amended complaint raising the same factual allegations but invoking the Illinois Constitution. However, in his *pro se* brief, plaintiff mentions both the federal and state constitutions and notes the state constitutional issues raised his second amended complaint were not addressed.

¶ 23        To the extent plaintiff also takes issue with the trial court's denial of the motion to reconsider, which sought only leave to file a second amended complaint, we lack a transcript or substitute for a transcript of the hearing on the matter. Unlike a section 2-615 dismissal, the decision whether to grant a party leave to amend its pleadings lies within the sound discretion of the trial court, and the reviewing court will not reverse that decision absent an abuse of discretion. *Sheffler v. Commonwealth Edison Co.*, 2011 IL 110166, ¶ 69. Thus, as to the court's denial of the motion to reconsider, which only sought leave to file an amended complaint, because we lack a transcript of the hearing on the matter, we presume the court acted in conformity with the law, had a sufficient factual basis for the dismissal, and thus, did not abuse its discretion in denying the motion.

¶ 24        Further, even if we were to place this presumption aside, we note the issue of application to the state constitution is also barred by *res judicata* because the effect of the state

constitution on the same group of operative facts could have been raised in the initial and the first amended complaints. See *St. John's United Church of Christ*, 404 Ill. App. 3d at 512-13; *Lugo v. Woodford County*, 2026 IL App (4th) 250650-U, ¶ 18.

¶ 25　　　　We recognize exceptions to the doctrines of *res judicata* and forfeiture exist, which may allow an otherwise barred claim to proceed. *People v. Mabrey*, 2016 IL App (1st) 141359, ¶ 37. For example, *res judicata* and forfeiture do not apply where fundamental fairness so requires, where the alleged forfeiture stems from the incompetence of appellate counsel, or where facts relating to the claim do not appear on the face of the original appellate record. *Id.* We find none of those exceptions apply here. Further, plaintiff has not provided us with a transcript to show otherwise. Thus, regardless of the trial court's reason for denying the motion, the issue was *res judicata*.

¶ 26　　　　　　　　　　　　III. CONCLUSION

¶ 27　　　　For the reasons stated, we affirm the trial court's judgment.

¶ 28　　　　Affirmed.