# Illinois Official Reports

## Appellate Court

*Cebertowicz v. Illinois Department of Corrections*, 2016 IL App (4th) 151024

| | |
|---|---|
| Appellate Court Caption | KENNETH CEBERTOWICZ, Plaintiff-Appellant, v. THE ILLINOIS DEPARTMENT OF CORRECTIONS, Defendant-Appellee. |
| District & No. | Fourth District<br>Docket No. 4-15-1024 |
| Filed | September 30, 2016 |
| Decision Under Review | Appeal from the Circuit Court of Sangamon County, No. 14-MR-1438; the Hon. Leslie J. Graves, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Kenneth Cebertowicz, of Sumner, appellant *pro se*.<br><br>Lisa Madigan, Attorney General, of Springfield (Carolyn E. Shapiro, Solicitor General, and Laura M. Wunder, Assistant Attorney General, of counsel), for appellee. |
| Panel | JUSTICE POPE delivered the judgment of the court, with opinion.<br>Justices Steigmann and Appleton concurred in the judgment and opinion. |

¶ 1     In November 2015, the trial court granted a motion by defendant, the Illinois Department of Corrections (DOC), to dismiss plaintiff, Kenneth Cebertowizc's, first amended complaint, which alleged violations of the Freedom of Information Act (FOIA) (5 ILCS 140/1 to 11.5 (West 2014)). Plaintiff, proceeding *pro se*, appeals, arguing the trial court erred in granting DOC's motion to dismiss. We affirm.

¶ 2                                    I. BACKGROUND

¶ 3     Plaintiff is serving a 50-year sentence for first degree murder and a concurrent 4-year sentence for aggravated discharge of a firearm. At the time he filed his complaint, plaintiff was housed at Lawrence Correctional Center (Lawrence).

¶ 4     In November 2014, plaintiff filed a FOIA request with DOC. Plaintiff sought copies of four of Lawrence's institutional directives and DOC's "Administrative Directives that pertain to vocational wait list priority and interstate compact transfers and any other documents/policy on interstate compact transfers." DOC's FOIA officer, Lisa Weitekamp, responded by letter, providing copies of two of the institutional directives requested and advising that the other two did not exist. DOC denied the remainder of plaintiff's request, stating that section 7(1)(e-5) of FOIA (5 ILCS 140/7(1)(e-5) (West 2014)) "exempts the release of '[r]ecords requested by persons committed to [DOC] if those materials are available in the library of the correctional facility where the inmate is confined' " and advising that those requested documents were maintained in Lawrence's law library.

¶ 5     In December 2014, plaintiff filed a FOIA complaint in the trial court, naming Weitekamp as the sole defendant. Plaintiff alleged he was "illegally denied" the documents he requested pursuant to FOIA because, when he requested copies of the documents, the law librarian at Lawrence advised him "it was policy that Administrative Directives cannot be copied *** because [FOIA] states that copies 'may' be made." Plaintiff argued section 3(a) of FOIA states, "Each public body shall make available to any person for inspection or copying all public records." 5 ILCS 140/3(a) (West 2014). He maintained the legislature's use of the word "shall" indicated a mandatory requirement and, therefore, DOC had "no discretion" and "[i]f a person requests copies, the public body is required to provide them." In April 2015, DOC filed a motion to dismiss, alleging Weitekamp was not a "public body" and, therefore, not a proper party to a suit filed pursuant to section 11 of FOIA (5 ILCS 140/11(a), (b), (d) (West 2014)). In July 2015, the court entered an order dismissing the complaint and allowing plaintiff 30 days to replead.

¶ 6     In August 2015, plaintiff filed a two-count first amended FOIA complaint, naming DOC as defendant. The first count repeated the allegations in his original complaint regarding his FOIA request, DOC's response, and his inability to procure copies of the requested documents from Lawrence's law library. The second count related to plaintiff's FOIA request regarding the "FY2016 Master Menu," which DOC denied on the basis the material was available in Lawrence's law library. Plaintiff stated that the law library in turn refused to provide him with copies under its policy not to provide copies of material exempted by section 7(1)(e-5) of FOIA (5 ILCS 140/7(1)(e-5) (West 2014)). Plaintiff requested that (1) DOC provide him the FOIA records he requested, (2) DOC train all institutional law library staff and FOIA officers

in FOIA procedures, (3) the trial court order payment of costs, and (4) the court order any further relief the court deemed just and proper.

¶ 7 In September 2015, plaintiff filed a motion for leave to file a second amended FOIA complaint and attached the second amended FOIA complaint, which included two additional counts. Later that month, plaintiff filed a motion to strike the second amended complaint. (The record is devoid of any order regarding plaintiff's second amended complaint or the motion to strike it. However, after dismissing the first amended complaint, the trial court ordered the case closed and terminated the proceedings.)

¶ 8 In September 2015, DOC filed a motion and memorandum seeking dismissal of plaintiff's first amended complaint pursuant to section 2-615 of the Code of Civil Procedure (735 ILCS 5/2-615 (West 2014)). DOC argued that plaintiff failed to state a claim for relief because (1) the materials requested fell under the exemption set forth in section 7(1)(e-5) of FOIA (5 ILCS 140/7(1)(e-5) (West 2014)), (2) the documents he requested were available for inspection in Lawrence's law library, (3) he never claimed the documents were unavailable for inspection at the law library, and (4) as such, those materials remain available to him pursuant to FOIA.

¶ 9 In October 2015, plaintiff filed a response to DOC's motion to dismiss, contending DOC was attempting to "change the rules of grammar in an effort to mislead the court as to what [FOIA] requires a public body to disclose and how to disclose it." Plaintiff argues that whether the materials are inspected or copied is "the choice of the requestor, not the public body," and "[t]he public body must comply with the requestor's choice."

¶ 10 In November 2015, plaintiff moved to supplement his response to the motion to dismiss, arguing that, in addition to his rights under FOIA, he also had a common-law right to the public records.

¶ 11 On November 17, 2015, the trial court held a hearing by telephone. The court granted DOC's motion to dismiss, finding "plaintiff fail[ed] to state a claim for relief as documents are available for his inspection as admitted by him at the time of the hearing."

¶ 12 This appeal followed.

¶ 13                                    II. ANALYSIS

¶ 14 Plaintiff, proceeding *pro se*, argues the trial court erred in dismissing his FOIA complaint under the erroneous belief that FOIA only required DOC to allow him to inspect the materials that were available in the library, rather than provide him with copies. He maintains DOC improperly denied him access to the administrative directives, interstate parole compact, and master menu he requested under FOIA when DOC refused to provide him copies of the documents. We disagree.

¶ 15 "A section 2-615[ ] motion to dismiss tests the legal sufficiency of the complaint based on defects apparent on its face." *Reynolds v. Jimmy John's Enterprises, LLC*, 2013 IL App (4th) 120139, ¶ 25, 988 N.E.2d 984. When ruling on a section 2-615 motion, the relevant question is whether the allegations in the complaint, construed in a light most favorable to the plaintiff, are sufficient to state a cause of action upon which relief may be granted. *Canel v. Topinka*, 212 Ill. 2d 311, 317, 818 N.E.2d 311, 317 (2004). We review an order granting a section 2-615 motion to dismiss *de novo*. *Beacham v. Walker*, 231 Ill. 2d 51, 57, 896 N.E.2d 327, 331 (2008).

¶ 16    FOIA is the principal law in Illinois governing the inspection of public records. Section 1.2 states, "[a]ll records in the custody or possession of a public body are presumed to be open to inspection *or* copying." (Emphasis added.) 5 ILCS 140/1.2 (West 2014). However, section 3(a) states, "Each public body shall make available to any person for inspection *or* copying all public records, *except as otherwise provided in [s]ections 7 and 8.5 of [FOIA].*" (Emphases added.) 5 ILCS 140/3(a) (West 2014). The relevant portion of section 7(1) states as follows:

"(1) When a request is made to inspect or copy a public record that contains information that is exempt from disclosure under this [s]ection, but also contains information that is not exempt from disclosure, the public body may elect to redact the information that is exempt. The public body shall make the remaining information available for inspection and copying. Subject to this requirement, *the following shall be exempt from inspection and copying*:

* * *

(e-5) Records requested by persons committed to [DOC] if those materials are *available* in the library of the correctional facility where the inmate is confined." (Emphases added.) 5 ILCS 140/7(1)(e-5) (West 2014).

¶ 17    Here, plaintiff's FOIA request included materials that fit squarely into the exemption in section 7(1)(e-5). Plaintiff was advised that the requested administrative directives pertaining to the vocational school wait list, the interstate parole compact, and the policy documents pertaining to interstate compact were "maintained in [his] facility's law library." Further, he was advised that the requested "FY2016 Master Menu" was "maintained in [his] facility's library." Moreover, at the telephone hearing on DOC's motion to dismiss, plaintiff acknowledged the requested materials were available for inspection at Lawrence.

¶ 18    Plaintiff insists that the requested materials were not "available" to him within the meaning of section 7(1)(e-5) of FOIA because he was denied copies from the law librarian at Lawrence.

¶ 19    Our research has not disclosed any case specifically interpreting section 7(1)(e-5) of FOIA (5 ILCS 140/7(1)(e-5) (West 2014)) as it relates to the issue raised in this appeal. However, in October 2014, the Illinois Attorney General (AG), in a binding opinion, considered the same claim from an inmate at Lawrence, *i.e.*, that denying him copies of materials available for inspection at Lawrence's library did not comply with the requirements of section 7(1)(e-5) of FOIA. 2014 Ill. Att'y Gen. Pub. Access Op. No. 14-013 (AG's Opinion).

¶ 20    In the AG's Opinion, Adam Escamilla, an inmate at Lawrence, submitted a FOIA request, seeking "a copy" of several DOC administrative directives. Escamilla acknowledged these directives were available for inspection at the library at Lawrence, but he asserted he was entitled to receive photocopies of the directives. DOC denied the request under section 7(1)(e-5) of FOIA because the directives Escamilla requested were maintained at Lawrence's library. Escamilla requested review from the AG's public access bureau. The AG's public access bureau forwarded Escamilla's request to DOC, seeking a detailed response to Escamilla's assertions. DOC confirmed that the records were maintained in the library at Lawrence and asserted that section 7(1)(e-5) of FOIA did not require DOC to provide an inmate copies of documents maintained in the library. In turn, Escamilla argued that the records were not "available" within the meaning of section 7(1)(e-5) because he was not permitted to make or otherwise obtain photocopies of the directives located at Lawrence's library. 2014 Ill. Att'y Gen. Pub. Access Op. No. 14-013, at 1-3.

¶ 21    The AG's Opinion acknowledged "[t]he 'fundamental rule of statutory construction is to ascertain and give effect to the legislature's intent,' " and "[t]he most reliable indicator of legislative intent is the plain language of the statute." 2014 Ill. Att'y Gen. Pub. Access Op. No. 14-013, at 4 (quoting *Krohe v. City of Bloomington*, 204 Ill. 2d 392, 394-95, 789 N.E.2d 1211, 1212 (2003)). The AG determined "it [was] not clear whether the legislature intended the term 'available' in section 7(1)(e-5) to mean an inmate must not only be able to inspect the documents in the library, but also to make or obtain photocopies of those documents." 2014 Ill. Att'y Gen. Pub. Access Op. No. 14-013, at 4. Because, in the AG's opinion, the statute was susceptible to multiple interpretations, the AG turned to the statute's legislative history, relying on *Advincula v. United Blood Services*, 176 Ill. 2d 1, 19, 678 N.E.2d 1009, 1018 (1996), as authority to do so. 2014 Ill. Att'y Gen. Pub. Access Op. No. 14-013, at 4.

¶ 22    The AG cited the floor debates on House Bill No. 4592, which enacted section 7(1)(e-5) of FOIA in Public Act 97-783 (Pub. Act 97-783 (eff. July 13, 2012)), stating as follows:

   "During the floor debate on House Bill 4592 ***, one of the bill's sponsors, Representative Cunningham, explained the purpose of the legislation as follows:

   [']The point of this [b]ill is that instead of [inmates] filling out a [FOIA] request, submitting it to the warden, forcing the warden to take out the state's statute books and make copies of it, they would instead be instructed if that information is available at the library, you can go to the library and access it yourself.['] Remarks of Rep. Cunningham, March 8, 2012, House Debate on House Bill No. 4592, at 63-64.

   Representative Cunningham stated that 'with the *** exception of employee records [addressed in section 7(1)(e-6) of FOIA (*see* 5 ILCS 140/7(1)(e-6) (West 2013 Supp.))], this Bill will not seal any information from inmates. It will merely force them to go through other means to obtain that information than FOIA, like visiting the prison library.' Remarks of Rep. Cunningham, March 8, 2012, House Debate on House Bill No. 4592, at 62. The legislative history of section 7(1)(e-5) further indicates that the amendment was intended to preclude inmates from using FOIA to request 'information that a trip to the library would yield to them' and would be 'saving the state a great deal of money in regard to time that [DOC] has to put in making these copies, distributing these copies, et cetera, et cetera.' Remarks of Rep. Morthland and Rep. Cunningham, March 8, 2012, House Debate on House Bill No. 4592, at 62." 2014 Ill. Att'y Gen. Pub. Access Op. No. 14-013, at 4.

¶ 23    After considering the legislative history of section 7(1)(e-5) of FOIA, the AG found as follows:

   "Prior to the enactment of section 7(1)(e-5), [DOC] states that it routinely provided copies of responsive records to inmates who requested them pursuant to FOIA, even if copies of the records were maintained in the libraries of the facilities in which the inmates were incarcerated. This practice created an administrative burden on [DOC]. *See* Remarks of Rep. Cunningham, March 8, 2012, House Debate on House Bill No. 4592, at 61, 62. The comments made during the House Debate on House Bill No. 4592 reveal a clear intent on the part of the General Assembly to alleviate this burden by carving out an exception for records that are available in prison libraries, thereby relieving [DOC] of the obligation of providing inmates with photocopies of those records. Nothing in the legislative history suggests that the applicability of section

7(1)(e-5) is contingent upon [DOC] allowing inmates to obtain photocopies of documents available in prison libraries. To the contrary, the sponsor simply stated that under the amendment, an inmate would be instructed that he or she could go to the library and *access* a document, rather than requesting a copy under FOIA." (Emphasis in original.) 2014 Ill. Att'y Gen. Pub. Access Op. No. 14-013, at 4-5.

The AG concluded:

"[T]he records at issue are exempt from disclosure under section 7(1)(e-5) of FOIA because they are available in the library of the correctional facility in which Mr. Escamilla is confined, and that [DOC] is not required by section 7(1)(e-5) to allow Mr. Escamilla to make photocopies of the records or to furnish photocopies to him. Accordingly [DOC]'s denial of photocopies of the records requested by Mr. Escamilla did not violate FOIA." 2014 Ill. Att'y Gen. Pub. Access Op. No. 14-013, at 5.

¶ 24 "Although not binding on the courts, a well-reasoned opinion of the [AG] is entitled to considerable weight, especially in a matter of first impression in Illinois." *Bonaguro v. County Officers Electoral Board*, 158 Ill. 2d 391, 399, 634 N.E.2d 712, 715 (1994). In the case before us, we are presented with the same circumstances and argument presented to the AG in 2014, *i.e.*, plaintiff requested documents maintained in the library where he is incarcerated and he acknowledged the materials were available for his inspection. We agree with the AG's conclusion that section 7(1)(e-5) of FOIA does not require DOC to provide plaintiff with copies of materials he can inspect in the library at Lawrence.

¶ 25 However, we find, contrary to the AG, no ambiguity in the statute. Accordingly, we conclude it was unnecessary for the AG to consider the legislative history when forming the opinion. As noted above, when the language of the statute is clear, we give effect to the legislature's intent. Section 7(1)(e-5) clearly states materials available in the library of the correctional facility where the inmate is confined are exempt. According to Merriam-Webster, "available" means "ACCESSIBLE, OBTAINABLE." Merriam-Webster's Collegiate Dictionary 79 (10th ed. 2000). Since plaintiff can go to his facility's library and access and/or obtain the materials, they are exempt. Nothing about the word "available" connotes a duty upon the custodian/librarian to copy the items requested. Plaintiff can read them and hand copy them if he so desires. The documents are available to him. Therefore, we find DOC did not violate the requirements of FOIA when it denied plaintiff's request for copies of the materials, and we affirm the trial court's order granting DOC's motion to dismiss.

¶ 26                                     III. CONCLUSION

¶ 27 For the reasons stated, we affirm the trial court's judgment.

¶ 28 Affirmed.