NOTICE

Decision filed 05/04/20. The text of this decision may be changed or corrected prior to the filing of a Peti ion for Rehearing or the disposition of the same.

2020 IL App (5th) 190448-U

NO. 5-19-0448

IN THE

NOTICE

This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

| | | |
|---|---|---|
| BRIAN O'KEEFE, Individually and on Behalf of All Others Similarly Situated, | ) ) ) | Appeal from the Circuit Court of St. Clair County. |
| Plaintiff-Appellant, | ) ) | |
| v. | ) ) | No. 19-L-209 |
| WALGREENS BOOTS ALLIANCE, INC., | ) ) | Honorable Stephen P. McGlynn, |
| Defendant-Appellee. | ) | Judge, presiding. |

_____

JUSTICE MOORE delivered the judgment of the court.
Justices Overstreet and Wharton concurred in the judgment.

**ORDER**

¶ 1   *Held*: The circuit court correctly dismissed the plaintiff's class action complaint alleging that the defendant violated the Consumer Fraud and Deceptive Business Practices Act (ICFA) (815 ILCS 505/1 *et seq.* (West 2018)) in misrepresenting the storage capacity of its USB flash drives in terms of "Gigabytes" represented as a power of 10 (*i.e.*, decimal) rather than as a power of 2 (*i.e.*, binary) because, assuming the representation was "deceptive" within the meaning of the ICFA, it comported with the units of measurement set forth by the National Institute of Standards and Technology, as required by the Weights and Measures Act (225 ILCS 470/3 (West 2018)), bringing it within the "safe harbor" provision of the ICFA. 815 ILCS 505/10b(1) (West 2018).

¶ 2   The plaintiff, Brian O'Keefe, individually and on behalf of all others similarly

situated, appeals the September 26, 2019, order of the circuit court of St. Clair County,

1

which granted the motion of the defendant, Walgreens Boots Alliance, Inc., to dismiss his complaint. For the following reasons, we affirm.

¶ 3                                        I. BACKGROUND

¶ 4     The plaintiff filed a class action complaint against the defendant on March 13, 2019. The complaint alleges that the defendant intentionally misrepresented and/or made material omissions regarding the storage capacity of USB flash drives in its method of advertising, marketing, and/or packaging them. The complaint alleges the following facts by way of background. The average consumer understands digital storage capacity and file size to be measured using the "base-2" or "binary" counting system. In the "binary" counting system, 1 gigabyte, or GB, is equivalent to 1024 megabytes, which is equivalent to 1,073,741,824 bytes. In accord with the binary system, several dictionaries define the term gigabyte as equaling 1024 megabytes. Furthermore, all computers and digital processors, including Microsoft Windows, Linux, and Apple (except Mac OS X version 10.6 and later) and all other operating systems, as well as PDAs, digital cameras, cell phones, and gaming systems, use the binary system to display file sizes and data storage capacity.

¶ 5     The complaint alleges that, in the "base-10" or "decimal" counting system, 1 gigabyte (GB) is equivalent to 1000 megabytes, which is equivalent to 1 billion bytes. So, 1 GB in the decimal system contains fewer bytes than 1 GB in the binary system. The defendant calculates the GBs in its products using the decimal system. The plaintiff purchased a Walgreens Infinitive brand USB flash drive that was advertised and packaged to represent that its storage capacity was 32 GB. The complaint alleges that, in purchasing

2

the drive, the plaintiff believed that he was receiving 32 binary GBs, but instead he received 32 decimal GBs, which is 6.7% less storage capacity than he was expecting to receive.

¶ 6    The complaint alleges that the defendant does not disclose to the consumer the discrepancy between the defendant's decimal-GB offering and the expected binary-GB offering. On the front of the defendant's packaging, the defendant represents in font that is larger and in a different color than surrounding text and separate and apart from other words, the number of GBs the USB flash drive contains. The complaint alleges that the defendant does not meaningfully, adequately, or conspicuously disclose that the defendant's product contains less storage than it represents on the front of the packaging. According to the complaint, "[a]ll Defendant does is place an asterisk on the number of GBs advertised and extremely fine print on the back of its packaging that arbitrarily defines GB as one billion bytes."

¶ 7    Count I of the complaint alleges a cause of action for breach of contract. Count II alleges a breach of the covenant of good faith and fair dealing. Count III alleges the defendant violated the Consumer Fraud and Deceptive Business Practices Act (ICFA). 815 ILCS 505/1 *et seq.* (West 2018). Count IV alleges the defendant violated the Uniform Deceptive Trade Practices Act. 815 ILCS 510/1 *et seq.* (West 2018). Count V requests a "declaration that Defendant's acts and practices are deceptive and misleading, and preliminary and permanent injunctive relief to enjoin Defendants from continuing to engage in these deceptive, false and misleading acts and practices."

¶ 8    On June 10, 2019, the defendant filed a motion to dismiss the complaint. The defendant attached several exhibits to its motion to dismiss. First, the defendant attached

3

actual size photographs of the packaging for the USB flash drive at issue. The back of the package contains the following words, in small print: "1 GIGABYTE (GB) = 1 BILLION BYTES. SOME CAPACITY NOT AVAILABLE FOR DATA STORAGE."

¶ 9    Second, the defendant attached a copy of Volume 63, No. 144 of the Federal Register, dated July 28, 1998, which contains a notice from the Department of Commerce's National Institute of Standards and Technology (NIST) entitled "Metric System of Measurement: Interpretation of the International System of Units for the United States." 63 Fed. Reg. 40334 (July 28, 1998). In the notice, NIST declares that the International System of Units (SI) is the preferred system of weights and measures for the United States trade and commerce. *Id.* The notice lists "giga" or "G" as an SI prefix and states that these prefixes "strictly represent powers of 10," and that is "inappropriate to use them to represent powers of 2." The notice states, as an example, that one kilobit equals 1000 bit, and not 1024 bits.

¶ 10    Third, the defendant attached NIST Special Publication 811, 2008 Edition, entitled "Guide for the Use of International System of Units (SI)" to its motion to dismiss. The publication reiterates that SI prefixes, such as "giga" or kilo," refer strictly to powers of 10 and should not be used to indicate powers of 2. The publication explains that the prefixes for binary powers that were adopted by the International Electrotechnical Commission (IEC) should be used in the field of information technology to indicate binary powers to "avoid the incorrect usage of the SI prefixes." Thus, according to this publication, instead of "giga," the prefix "gibi" should be used to denote 1,073,741,824 bytes. The defendant asked that the circuit court take judicial notice of the NIST standards.

¶ 11 After further briefing and oral argument, the circuit court entered an order on September 26, 2019, granting the motion to dismiss. On October 25, 2019, the plaintiff filed a notice of appeal.

¶ 12                                    II. ANALYSIS

¶ 13 At the outset we note that the plaintiff's brief on appeal only presents argument as to why the circuit court erred in dismissing count III of the complaint, which alleges the defendant violated the ICFA. As such, the plaintiff has forfeited any issues as to the propriety of the circuit court's dismissal of all other counts of the complaint. See *Reynolds v. Jimmy John's Enterprises, LLC*, 2013 IL App (4th) 120139, ¶ 55 (citing Ill. S. Ct. R. 341(h) (eff. July 1, 2008)). Accordingly, we limit our analysis to count III of the plaintiff's complaint.

¶ 14 The defendant's motion to dismiss does not specify which section of the Illinois Code of Civil Procedure (Code) the motion is based upon. However, in the briefs, both parties state that the circuit court dismissed the complaint pursuant to section 2-615 of the Code. 735 ILCS 5/2-615 (West 2018). A motion to dismiss pursuant to section 2-615 of the Code presents the question of whether the facts alleged in the complaint, viewed in the light most favorable to the plaintiff, are sufficient to state a cause of action upon which relief may be granted. *Doe-3 v. McLean County Unit District No. 5 Board of Directors*, 2012 IL 112479, ¶ 16. In ruling on a section 2-615 motion, the court only considers (1) those facts apparent from the face of the pleadings, (2) matters subject to judicial notice, and (3) judicial admissions on record. *Gillen v. State Farm Mutual Automobile Insurance*

5

*Co.*, 215 Ill. 2d 381, 385 (2005). Our standard of review is *de novo*. *Doe-3*, 2012 IL 112479, ¶ 15.

¶ 15    To state a claim under the ICFA, a plaintiff must show (1) a deceptive act or practice by the defendant; (2) the defendant's intent that the plaintiff rely on the deception; (3) the deception occurred in the course of trade or commerce; and (4) the consumer fraud proximately caused the plaintiff's injury. *Avon Hardware Co. v. Ace Hardware Corp.*, 2013 IL App (1st) 130750, ¶ 23. However, notwithstanding the existence of these elements, the "safe harbor" provision of the ICFA provides that the ICFA shall not apply to actions "specifically authorized by laws administered by any regulatory body or officer acting under statutory authority of this State or the United States." 815 ILCS 505/10b(1) (West 2018). Accordingly, if a regulatory body acting under specific statutory authority authorizes the use of a term in labeling and advertising, a defendant may not be held liable under the ICFA even if the term might be deemed false, deceptive, or misleading. *Price v. Philip Morris, Inc.*, 219 Ill. 2d 182, 244 (2005).

¶ 16    Here, the complaint alleges that the defendant violated the ICFA in its labeling and advertising by representing the storage capacity of its flash drives in terms of the decimal definition of "gigabyte" rather than the binary definition. However, even if this practice might be deemed false, deceptive, or misleading, it falls within the "safe harbor" provision of the ICFA if a regulatory body acting under specific statutory authority authorized the use of the decimal definition of "gigabyte" in labeling and advertising. For the following reasons, we find this to be the case with the defendant's use of the term "gigabyte."

¶ 17     The general objective of the Weights and Measures Act (Act) is to promote accuracy in the determination and representation of quantity in commercial transactions. 225 ILCS 470/11 (West 2018). Section 3 of the Act provides that "[t]he definitions of basic units of weight and measure, the tables of weight and measure, and weights and measures equivalents, as published by the National Institute of Standards and Technology, are recognized and shall govern weighing and measuring equipment and transactions in this State." *Id.* § 3. NIST is a division of the U.S. Department of Commerce, which clearly qualifies as a "regulatory body." Accordingly, if the Department of Commerce, through NIST, authorizes the use of the decimal representation of "gigabyte" when describing the storage capacity of flash drives, then the plaintiff's ICFA claim is barred by section 10b of the ICFA.

¶ 18     The circuit court properly took judicial notice of information published in the Federal Register. See *People v. Pollution Control Board*, 103 Ill. 2d 441, 447 (1984) (materials published in Federal Register are matters of public record of which courts make take judicial notice). These materials make clear that NIST recognizes the SI system as the preferred system of weights and measures for United States trade and commerce. *Metric System of Measurement: Interpretation of the International System of Units for the United States*, 63 Fed. Reg. 40334, 40338 (July 28, 1998). In addition, the SI system uses "powers of 10" (*i.e.*, decimal) and "one kilobit represents 1000 bits." *Id.*; see also 2008 Guide for Use of the International System of Units (SI) by National Institute of Standards and Technology. NIST also states that it is inappropriate to use SI prefixes to represent powers of 2 (*i.e.*, binary). 63 Fed. Reg. at 40338.

¶ 19    We agree with the circuit court that the NIST guidelines include an authorization by a regulatory agency with specific statutory authority for the use of the term "gigabyte" to denote a billion bytes. Accordingly, even if the defendant's use of the term "gigabyte" to represent a billion bytes were deceptive, it falls within the "safe harbor" provision of the ICFA and is not actionable. 815 ILCS 505/10b(1) (West 2018). As such, the circuit court did not err in dismissing count III of the plaintiff's complaint.[1]

¶ 20                                   III. CONCLUSION

¶ 21    For the foregoing reasons, we affirm the circuit court's September 26, 2019, order dismissing the plaintiff's complaint.

¶ 22    Affirmed.

---

[1]As explained above, the plaintiff has forfeited any argument that the circuit court erred in dismissing the other counts of the complaint by not presenting argument in his appellant's brief on those counts. However, forfeiture aside, we note that the Uniform Deceptive Trade Practices Act also contains a "safe harbor" provision that would preclude the plaintiff's action for the same reasons. See 815 ILCS 510/4(1) (West 2018).