2020 IL App (1st) 191414-U

No. 1-19-1414

FIRST DIVISION
July 6, 2020

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| JOHN A. SCATCHELL, | ) | Appeal from the Circuit Court of |
| | ) | Cook County, Chancery Division. |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | No. 18 CH 0785 |
| | ) | |
| VILLAGE OF MELROSE PARK, and | ) | |
| BOARD OF POLICE AND FIRE | ) | |
| COMMISSIONERS OF MELROSE PARK, | ) | Honorable |
| | ) | Pamela McLean-Meyerson, |
| Defendants-Appellees. | ) | Judge Presiding. |

PRESIDING JUSTICE GRIFFIN delivered the judgment of the court.
Justices Pierce and Walker concurred in the judgment.

**ORDER**

¶ 1  *Held*: The dismissal of plaintiff's second amended-complaint for declaratory judgment with prejudice pursuant to section 2-615 of the Code of Civil Procedure (735 ILCS 5/2-615 (West 2018)) was warranted; plaintiff can prove no set of facts under the pleadings that would entitle him to relief.

¶ 2  Plaintiff John A. Scatchell filed a declaratory judgment action against defendants Village of Melrose Park (Village) and Board of Police and Fire Commissioners (BOFPC) in the circuit court of Cook County claiming the BOFPC lacked the authority to hear disciplinary charges filed against him. Plaintiff alleged the BOFPC was: (1) abolished by the Village in a municipal

ordinance adopted on July 9, 2012; and in the alternative, (2) improperly constituted in violation of Illinois statute. Defendants moved to dismiss the declaratory judgment action pursuant to section 2-615 of the Code of Civil Procedure (735 ILCS 5/2-615 (West 2018)) (Code). The trial court held a hearing and dismissed the action with prejudice. For the following reasons, we affirm the judgment of the circuit court of Cook County.

¶ 3                                             BACKGROUND

¶ 4      Plaintiff was a police officer for the Melrose Park Police Department. The police chief and deputy police chief of the Melrose Police Department filed disciplinary charges against plaintiff for allegedly violating department rule and policies. The matter was set for an administrative hearing. While the charges were pending, plaintiff challenged the administrative body's authority to adjudicate the matter in a separate declaratory judgment action filed on July 19, 2018, in the circuit court of Cook County. Plaintiff amended his complaint two times on July 30, 2018 and October 24, 2018.

¶ 5      In his second-amended complaint, plaintiff alleged the administrative body hearing his charges, the BOFPC, was abolished by the Village in municipal ordinance no. 1613 adopted on July 9, 2012 (Ordinance 1613) and derived it's authority from nowhere such that any action it undertook would be void. Alternatively, plaintiff claimed the BOFPC lacked authority to hear the charges because it was improperly constituted in violation of the Fire and Police Commissioners Act (65 ILCS 5/10-2.1 *et seq*. (West 2018)) (Commissioners Act), which requires board members to serve three-year terms (*id*. §10-2.1-1) and limits the number of board members who belong to the same political party (*id*. § 10-2.1-3).

¶ 6      Plaintiff attached the following exhibits to his second-amended complaint: (1) a copy of Ordinance 1613; (2) a letter entitled "Notice of Hearing"; (2) the minutes from a special meeting;

(3) a Freedom of Information Act (5 ILCS 140/1 *et seq.* (West 2018)) (FOIA) denial letter from the Village; (4) copies of the Village's budget and schedules of expenditures; and (5) copies of resolutions passed by the Village.

¶ 7 Ordinance 1613 amended chapter 2.76 of the Village municipal code. It abolished the BOFPC ("[t]he Village Board hereby abolishes the Board of Police and Fire Commissioners for the Village") and created the Personnel Board ("[t]here is hereby created the 'Personnel Board' of the Village of Melrose Park, which shall consist of no greater than five (5) members appointed by the Mayor with the advice and consent of the Board of Trustees"). Members of the Personnel Board served three-year staggered terms "so that no more than two (2) appointments expire on April 30 of any year." The then-current members of the BOFPC (Michael Caputo (Caputo), Pasquale Esposito (Esposito) and Mark Rauzi (Rauzi)) were "appointed to serve as members of the Personnel Board for the remainder of their respective terms of office." The Personnel Board "assume[d] all of the powers and duties of the Board and Fire and Police Commissioners."

¶ 8 The letter attached to plaintiff's second-amended complaint was written on BOFPC letterhead, listed plaintiff and his attorneys as addressees, and was entitled "Notice of Hearing." The body of the letter read as follows: "YOU ARE HEREBY NOTIFIED that charges have been filed against you before the Board of Fire and Police Commissioners of the Village of Melrose Park, Illinois ("Board") *** by police Chief Sam Pitassi and Deputy Police Chief Michael Castellan *** and that said Board has ordered that a hearing be had on the said charges *** on the 25th day of April, 2018." The letter was signed by the secretary of the BOFPC, Pat Esposito, and dated April 3, 2018.

¶ 9 The minutes were dated May 10, 2014, entitled "**SPECIAL MEETING** [,] BOARD OF THE POLICE AND FIRE COMMISSIONERS" and read in pertinent part as follows:

"EMPLOYEE DISCIPLINE (Consider charges and set hearing on disciplinary charges filed on April 25, 2018 (Castellan))". The FOIA denial letter informed plaintiff that his request for public records from the Personnel Board was denied because "the Village does not have a personnel board." The Village's 2012 budget and its schedules of expenditures from 2012 to 2018 showed that funds were appropriated for the BOFPC and its chairman, commissioner, and secretary. The Personnel Board did not appear in the budget or any of the schedules of expenditures.

¶ 10 Finally, the text of the resolutions attached to plaintiff's second-amended complaint showed the Village appointed the same three members to the BOFPC from 2012 to 2018. In 2012, 2013 and 2014, the Village passed resolutions appointing Caputo, Esposito, and Rauzi as members to the BOFPC to serve one-year terms. The resolutions passed in 2015 and 2016 authorized the Village President to extend the terms of those appointments until such time as he deemed appropriate. In 2017 and 2018, the Village again appointed the same individuals to the BOFPC to serve one-year terms. Each resolution contained a "superseder" provision, indicating that "[a]ll code provisions, ordinance, resolutions, and orders, or parts thereof, in conflict herewith, are to the extent of such conflict hereby superseded."

¶ 11 On November 16, 2018, defendants moved to dismiss plaintiff's second-amended complaint pursuant to section 2-615 of the Code, which provides for the dismissal of a complaint that fails to state a claim for relief. In their motion, defendants acknowledged that Ordinance 1613 abolished the BOFPC on July 9, 2012, but pointed out that the ordinance also established the Personnel Board, vested the Personnel Board with the powers of the BOFPC and appointed the then-current members of the BOFPC to the Personnel Board. Defendants contended that the "BOFPC" was just a label, and its former members were fully empowered to hear the charges filed against plaintiff pursuant to Ordinance 1613.

¶ 12    Defendants took the following alternative positions with respect to Villages' resolutions: (1) they were valid and superseded the conflicting provisions of Ordinance 1613 "with respect to the name of the Board and the terms of its members" such that Caputo, Esposito, and Rauzi were still acting with the authority granted to them by Ordinance 1613, but under a new name and with one-year terms; or (2) they were invalid and Caputo, Esposito, and Rauzi remained members of the Personnel Board as statutory holdovers pursuant to section 3.1-30-5 of the Illinois Municipal Code (65 ILCS 5/3.1-30-5 (West 2018)) because no one was "appointed and qualified to replace them." Either way, defendants argued, the members hearing the charges against plaintiff did not lack authority. Defendants argued that plaintiff's alternative challenge to the composition of the BOFPC (or the Personnel Board) was a non-starter because the Village was a home-rule municipality and could adopt an ordinance that conflicted with requirements of the Commissioners Act (65 ILCS 5/10-2.1 *et seq*. (West 2018)).

¶ 13    On June 25, 2019, the trial court held a hearing on defendants' motion to dismiss plaintiff's second-amended complaint. The trial court found the BOFPC was abolished by Ordinance 1613. However, it concluded that the resolutions passed by the Village post-abolishment "superseded" the conflicting provisions of Ordinance 1613 and operated to "revive" the BOFPC. The trial court further found the BOFPC was not improperly constituted because the Village was a home-rule municipality and therefore not bound by the requirements of the Commissioners Act (65 ILCS 5/10-2.1 *et seq*. (West 2018)). The trial court granted defendants' motion and dismissed plaintiff's second-amended complaint with prejudice pursuant to Section 2-615.

¶ 14    Plaintiff filed a notice of appeal on July 8, 2019. Jurisdiction is proper under Illinois supreme court rules 301 (eff. Feb. 1, 1994) and 303 (eff. July 1, 2017). On appeal, plaintiff asks us to reverse the trial court's judgment because the facts alleged in his second-amended complaint

taken as true establish his entitlement to declaratory relief. Defendants ask us to affirm the judgment on any basis in the record because the trial court's judgment was correct.

¶ 15                                     ANALYSIS

¶ 16    The issue on appeal is whether plaintiff can prove no set of facts under the pleadings that would entitle him to relief. Our review is *de novo*. *Reynolds v. Jimmy John's Enterprises, LLC*, 2013 IL App (4th) 120139, ¶ 25.

¶ 17    A section 2-615 motion to dismiss challenges the legal sufficiency of a complaint based on defects apparent on its face. *Jane Doe-3 v. McLean County Unit Dist. No. 5 Board of Directors*, 2012 IL 112479, ¶ 15. Under section 2-615, the critical question is whether the allegations in the complaint, construed in the light most favorable to the plaintiff, are sufficient to state a cause of action upon which relief may be granted. *Id*. ¶ 16. In making the determination, all well-pleaded facts and the reasonable inferences drawn therefrom must be taken as true. *O'Callaghan v. Satherlie*, 2015 IL App (1st) 142152, ¶ 18. A court should not dismiss a complaint pursuant to section 2-615 unless it is clearly apparent that no set of facts can be proved that would entitle the plaintiff to recovery. *Marshall v. Burger King Corp.*, 222 Ill. 2d 422, 429 (2006).

¶ 18    The essential requirements of a declaratory judgment action are: (1) a plaintiff with a legal tangible interest; (2) a defendant having an opposing interest; and (3) an actual controversy between the parties concerning such interests. *Beahringer v. Page*, 204 Ill. 2d 363, 372 (2003). "The declaratory judgment procedure allows ' " 'the court to take hold of a controversy one step sooner than normally—that is, after the dispute has arisen, but before steps are taken which give rise to claims for damages or other relief. The parties to the dispute can then learn the consequences of their action before acting.' " ' " *Id.* at 372-73 (quoting *Kaske v. City of Rockford*, 96 Ill. 2d 298,

306 (1983), quoting *Buege v. Lee*, 56 Ill. App. 3d 793, 798 (1978), quoting Ill. Ann. Stat., ch. 110, ¶ 57.1, Historical and Practice Notes, at 132 (Smith-Hurd 1968)).

¶ 19    Plaintiff claims the facts alleged in his second-amended complaint, taken as true and liberally construed, establish that the BOFPC, not the Personnel Board, was hearing the disciplinary charges against him and lacked the authority to do so because the BOFPC was either abolished by Ordinance 1613, or improperly constituted in violation of the Commissioners Act (65 ILCS 5/10-2.1 *et seq.* (West 2018)). Plaintiff further argues that the resolutions passed by the Village after July 9, 2012, were invalid and failed to "revive" the BOFPC (as the trial court found) because a resolution cannot supersede or amend an ordinance. According to plaintiff, the BOFPC is "illegal" and we should reinstate his second-amended complaint so that he may defend the charges before an administrative body with the authority to make a binding decision.

¶ 20    Defendants counter, and argue that Caputo, Esposito and Rauzi derived their authority from Ordinance 1613 and none of the allegations or exhibits attached to plaintiff's second-amended complaint, taken as true, demonstrate otherwise. Defendants take alternative positions as to the validity of the resolutions passed by the Village after Ordinance 1613 was adopted. Defendants claim the resolutions were either: (1) valid and superseded the conflicting provisions of Ordinance 1613 by changing the name of the Personnel Board back to the BOFPC and re-appointing Caputo, Esposito and Rauzi as members of the BOFPC to serve one-year terms; or (2) invalid and failed to appoint members to the Personnel Board, in which case Caputo, Esposito and Rauzi remained in their positions as "statutory holdovers" pursuant to Illinois law until someone was appointed in their place.

¶ 21    We hold that the dismissal of plaintiff's second-amended complaint with prejudice pursuant to section 2-615 of the Code was warranted. Plaintiff can prove no set of facts under the

pleadings that would entitle him to declaratory relief. The judgment of the circuit court of Cook County must be affirmed.

¶ 22    The plain text of Ordinance 1613 makes clear, and the parties do not dispute, that on July 9, 2012, the Village replaced the BOFPC with the Personnel Board, vested the powers of the BOFPC in the Personnel Board, and appointed the members of the BOFPC to the Personnel Board to serve out the remainder of their terms in office. The central question here is what happened when those terms expired, as provided in plaintiff's second-amended complaint, on April 30, 2013. We find the allegations and exhibits attached to plaintiff's second-amended complaint, taken as true and liberally construed, establish that the Village never appointed anyone to succeed the members of the Personnel Board.

¶ 23    The resolutions passed by the Village were invalid and ineffectual. First, the resolutions expressly appointed members to a non-existent entity: the BOFPC. Second, the resolutions could not, contrary to the trial court's finding, supersede the conflicting provisions of Ordinance 1613 because a municipal ordinance may only be repealed, modified or amended through the passage of an ordinance. See *Naperville Police Union, Local 2233, American Federation of State, County & Municipal Employees AFL-CIO v. City of Naperville*, 97 Ill. App. 3d 153, 156 (1981) ("[a]n ordinance may be repealed, modified or amended only by municipal action of like dignity and, therefore, may not be amended or modified by resolution since a resolution is an act of lesser dignity than an ordinance"). Accordingly, the Village never appointed any successors to the Personnel Board and the BOFPC was not "revived."

¶ 24    Because no successors were chosen, the members of the Personnel Board remained in office by operation of law. See 65 ILCS 5/3.1-30-5 (West 2018) ("[i]f there is a failure to appoint a municipal officer, or the person appointed fails to qualify, the person filling the office shall

continue in office until a successor has been chosen and has qualified"); see also *City of Pekin v. Industrial Commission*, 341 Ill. 312, 319 (1930) ("[w]here the tenure of an office is vested for a specified period of time and until a successor shall be elected or appointed and qualifies, the mere expiration of the specified period of time for the duration of the term of office does not operate to vacate the office or to impair the powers of the officer to continue to act"). By remaining in office, Caputo, Esposito, and Rauzi continued to exercise the powers of Personnel Board (which "assume[d]" the powers of the BOFPC under Ordinance 1613) and possessed the requisite authority to hear and act upon plaintiff's disciplinary charges.

¶ 25 We reject plaintiff's contentions that the exhibits attached to his second-amended complaint establish his entitlement to declaratory relief. None of the exhibits, including those showing that the Personnel Board did not have a budget and that a Village FOIA officer indicated the Village did not have a Personnel Board, demonstrate that Caputo, Esposito, and Rauzi lacked or somehow lost their authority under Ordinance 1613. Accordingly, plaintiff's initial claim for declaratory relief must fail under section 2-615 of the Code.

¶ 26 Plaintiff's additional claim that the BOFPC was improperly constituted fares no better. The Village is a home rule unit of local government under the Illinois Constitution of 1970 and pursuant to section 6(a) of article VII, "may exercise any power and perform any function pertaining to its government and affairs including, but not limited to, the power to regulate for the protection of the public health, safety, morals and welfare; to license; to tax; and to incur debt." Ill. Const.1970, art. VII, § 6(a). Our supreme court has "consistently held that an ordinance enacted by a home rule unit under the grant of power found in section 6(a) supersedes a conflicting statute enacted prior to the effective date of the Constitution." *Stryker v. Village of Oak Park*, 62 Ill. 2d 523, 527 (1976).

¶ 27   Pursuant to its section 6(a) authority, the Village adopted Ordinance 1613 and did not include in its text a provision limiting board membership based on political affiliation. As plaintiff points out, the absence of a provision so limiting board membership conflicted with section 10-2.1-3 of the Commissioners Act (65 ILCS 5/10-2.1-3 (West 2018), which provides in pertinent part that "[n]o more than 2 members of the board shall belong to the same political party." However, the conflict was of no consequence. As a home rule municipality, the Village's adoption of Ordinance 1613 superseded the conflicting provisions of the Commissioners Act. *Stryker*, 62 Ill. 2d at 527. Accordingly, plaintiff's additional claim fails under section 2-615 of the Code as well.

¶ 28   Accordingly, the dismissal of plaintiff's second-amended complaint with prejudice was warranted. Plaintiff can prove no set of facts under the pleadings that would entitle him to relief. The judgment must be affirmed.

¶ 29                               CONCLUSION

¶ 30   Accordingly, we affirm.

¶ 31   Affirmed.