# Illinois Official Reports

## Appellate Court

---

### *O'Keefe v. Walgreens Boots Alliance, Inc.*, 2020 IL App (5th) 190448

---

| | |
|---|---|
| Appellate Court Caption | BRIAN O'KEEFE, Individually and on Behalf of All Others Similarly Situated, Plaintiff-Appellant, v. WALGREENS BOOTS ALLIANCE, INC., Defendant-Appellee. |
| District & No. | Fifth District<br>No. 5-19-0448 |
| Rule 23 order filed<br>Rehearing denied<br>Motion to<br>publish allowed<br>Opinion filed | May 4, 2020<br>August 31, 2020<br><br>August 31, 2020<br>August 31, 2020 |
| Decision Under Review | Appeal from the Circuit Court of St. Clair County, No. 19-L-209; the Hon. Stephen P. McGlynn, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | James J. Rosemergy, of Carey, Danis & Lowe, of St. Louis, Missouri, and Tiffany M. Yiatras, of Consumer Protection Legal, LLC, of Ellisville, Missouri, for appellant.<br><br>David B. Sudzus, of Faegre Drinker Biddle & Reath LLP, of Chicago, and Anthony J. Weibell, of Wilson Sonsini Goodrich & Rosati, of Palo Alto, California, for appellee. |

Panel

JUSTICE MOORE delivered the judgment of the court, with opinion. Justices Overstreet and Wharton concurred in the judgment and opinion.

**OPINION**

¶ 1     The plaintiff, Brian O'Keefe, individually and on behalf of all others similarly situated, appeals the September 26, 2019, order of the circuit court of St. Clair County, which granted the motion of the defendant, Walgreens Boots Alliance, Inc., to dismiss his complaint. For the following reasons, we affirm.

¶ 2                                    I. BACKGROUND

¶ 3     The plaintiff filed a class action complaint against the defendant on March 13, 2019. The complaint alleges that the defendant intentionally misrepresented and/or made material omissions regarding the storage capacity of USB flash drives in its method of advertising, marketing, and/or packaging them. The complaint alleges the following facts by way of background. The average consumer understands digital storage capacity and file size to be measured using the "base-2" or "binary" counting system. In the "binary" counting system, 1 gigabyte (GB) is equivalent to 1024 megabytes, which is equivalent to 1,073,741,824 bytes. In accord with the binary system, several dictionaries define the term gigabyte as equaling 1024 megabytes. Furthermore, all computers and digital processors, including Microsoft Windows, Linux, and Apple (except Mac OS X version 10.6 and later) and all other operating systems, as well as PDAs, digital cameras, cell phones, and gaming systems, use the binary system to display file sizes and data storage capacity.

¶ 4     The complaint alleges that, in the "base-10" or "decimal" counting system, 1 GB is equivalent to 1000 megabytes, which is equivalent to 1 billion bytes. So, 1 GB in the decimal system contains fewer bytes than 1 GB in the binary system. The defendant calculates the GBs in its products using the decimal system. The plaintiff purchased a Walgreens Infinitive brand USB flash drive that was advertised and packaged to represent that its storage capacity was 32 GB. The complaint alleges that, in purchasing the drive, the plaintiff believed that he was receiving 32 binary GBs, but instead he received 32 decimal GBs, which is 6.7% less storage capacity than he was expecting to receive.

¶ 5     The complaint alleges that the defendant does not disclose to the consumer the discrepancy between the defendant's decimal-GB offering and the expected binary-GB offering. On the front of the defendant's packaging, the defendant represents in font that is larger and in a different color than surrounding text and separate and apart from other words, the number of GBs the USB flash drive contains. The complaint alleges that the defendant does not meaningfully, adequately, or conspicuously disclose that the defendant's product contains less storage than it represents on the front of the packaging. According to the complaint, "[a]ll Defendant does is place an asterisk on the number of GBs advertised and extremely fine print on the back of its packaging that arbitrarily defines GB as one billion bytes."

¶ 6     Count I of the complaint alleges a cause of action for breach of contract. Count II alleges a breach of the covenant of good faith and fair dealing. Count III alleges the defendant violated the Consumer Fraud and Deceptive Business Practices Act (Consumer Fraud Act) (815 ILCS

505/1 *et seq.* (West 2018)). Count IV alleges the defendant violated the Uniform Deceptive Trade Practices Act (815 ILCS 510/1 *et seq.* (West 2018)). Count V requests a "declaration that Defendant's acts and practices are deceptive and misleading, and preliminary and permanent injunctive relief to enjoin Defendants from continuing to engage in these deceptive, false and misleading acts and practices."

¶ 7 On June 10, 2019, the defendant filed a motion to dismiss the complaint. The defendant attached several exhibits to its motion to dismiss. First, the defendant attached actual size photographs of the packaging for the USB flash drive at issue. The back of the package contains the following words, in small print: "1 GIGABYTE (GB) = 1 BILLION BYTES. SOME CAPACITY NOT AVAILABLE FOR DATA STORAGE."

¶ 8 Second, the defendant attached a copy of volume 63, No. 144, of the Federal Register, dated July 28, 1998, which contains a notice from the United States Department of Commerce's National Institute of Standards and Technology (NIST) entitled "Metric System of Measurement: Interpretation of the International System of Units for the United States." 63 Fed. Reg. 40334 (July 28, 1998). In the notice, NIST declares that the International System of Units (SI) is the preferred system of weights and measures for the United States trade and commerce. *Id.* The notice lists "giga" or "G" as an SI prefix and states that these prefixes "strictly represent powers of 10" and that it is "inappropriate to use them to represent powers of 2." *Id.* at 40338. The notice states, as an example, that one kilobit equals 1000 bit, and not 1024 bits. *Id.*

¶ 9 Third, the defendant attached NIST Special Publication 811, 2008 Edition, titled "Guide for the Use of International System of Units (SI)" to its motion to dismiss. The publication reiterates that SI prefixes, such as "giga" or "kilo," refer strictly to powers of 10 and should not be used to indicate powers of 2. Ambler Thompson & Barry N. Taylor, Nat'l Inst. of Standards & Tech., Guide for the Use of the International System of Units (SI) 74 (2008), https://nvlpubs.nist.gov/nistpubs/Legacy/SP/nistspecialpublications811e2008.pdf [https://perma. cc/Y92D-T8UL]. The publication explains that the prefixes for binary powers that were adopted by the International Electrotechnical Commission (IEC) should be used in the field of information technology to indicate binary powers to "avoid the incorrect usage of the SI prefixes." Thus, according to this publication, instead of "giga," the prefix "gibi" should be used to denote 1,073,741,824 bytes. The defendant asked that the circuit court take judicial notice of the NIST standards.

¶ 10 After further briefing and oral argument, the circuit court entered an order on September 26, 2019, granting the motion to dismiss. On October 25, 2019, the plaintiff filed a notice of appeal. On May 4, 2020, this court issued an order that affirmed the circuit court's order dismissing the plaintiff's complaint. On May 26, 2020, the plaintiff filed a petition for rehearing in this court. On June 5, 2020, this court entered an order requiring that the defendant file a response to the petition for rehearing and establishing a deadline for the plaintiff's reply. On June 26, 2020, the defendant filed an answer to the petition for rehearing. The plaintiff did not file a reply. After reviewing the arguments on rehearing, we now issue this modified opinion upon denial of rehearing.[1]

---

[1]The defendant filed a motion to publish this court's original order, which was filed pursuant to Illinois Supreme Court Rule 23(b) (eff. Apr. 1, 2018). This court entered an order holding the motion

## II. ANALYSIS

¶ 12    At the outset, we note that the plaintiff's brief on appeal only presents argument as to why the circuit court erred in dismissing count III of the complaint, which alleges the defendant violated the Consumer Fraud Act. As such, the plaintiff has forfeited any issues as to the propriety of the circuit court's dismissal of all other counts of the complaint. See *Reynolds v. Jimmy John's Enterprises, LLC*, 2013 IL App (4th) 120139, ¶ 55 (citing Ill. S. Ct. R. 341(h) (eff. July 1, 2008)). Accordingly, we limit our analysis to count III of the plaintiff's complaint.

¶ 13    The defendant's motion to dismiss does not specify which section of the Code of Civil Procedure (Code) the motion is based upon. However, in the briefs, both parties state that the circuit court dismissed the complaint pursuant to section 2-615 of the Code (735 ILCS 5/2-615 (West 2018)). A motion to dismiss pursuant to section 2-615 of the Code presents the question of whether the facts alleged in the complaint, viewed in the light most favorable to the plaintiff, are sufficient to state a cause of action upon which relief may be granted. *Doe-3 v. McLean County Unit District No. 5 Board of Directors*, 2012 IL 112479, ¶ 16. In ruling on a section 2-615 motion, the court only considers (1) those facts apparent from the face of the pleadings, (2) matters subject to judicial notice, and (3) judicial admissions on record. *Gillen v. State Farm Mutual Automobile Insurance Co.*, 215 Ill. 2d 381, 385 (2005). Our standard of review is *de novo*. *Doe-3*, 2012 IL 112479, ¶ 15.

¶ 14    To state a claim under the Consumer Fraud Act, a plaintiff must show (1) a deceptive act or practice by the defendant, (2) the defendant's intent that the plaintiff rely on the deception, (3) the deception occurred in the course of trade or commerce, and (4) the consumer fraud proximately caused the plaintiff's injury. *Avon Hardware Co. v. Ace Hardware Corp.*, 2013 IL App (1st) 130750, ¶ 23. However, notwithstanding the existence of these elements, the "safe harbor" provision of the Consumer Fraud Act provides that the Consumer Fraud Act shall not apply to actions "specifically authorized by laws administered by any regulatory body or officer acting under statutory authority of this State or the United States." 815 ILCS 505/10b(1) (West 2018).[2] Accordingly, if a regulatory body acting under specific statutory authority authorizes the use of a term in labeling and advertising, a defendant may not be held liable under the Consumer Fraud Act even if the term might be deemed false, deceptive, or misleading. *Price v. Philip Morris, Inc.*, 219 Ill. 2d 182, 244 (2005).

¶ 15    Here, the complaint alleges that the defendant violated the Consumer Fraud Act in its labeling and advertising by representing the storage capacity of its flash drives in terms of the decimal definition of "gigabyte" rather than the binary definition. However, even if this practice might be deemed false, deceptive, or misleading, it falls within the "safe harbor" provision of the Consumer Fraud Act if a regulatory body acting under specific statutory authority authorized the use of the decimal definition of "gigabyte" in labeling and advertising.

---

to publish in abeyance pending disposition of the plaintiff's petition for rehearing. This court has entered a separate order granting the motion to publish.

[2]On rehearing, the plaintiff argues that to come under the safe harbor provision, an agency with regulatory authority must require that the defendant use the binary definition of gigabyte. This is incorrect. Section 10b(1) of the Consumer Fraud Act clearly states that there can be no claim under the Consumer Fraud Act for an act that is "specifically authorized" by an agency with regulatory authority. 815 ILCS 505/10b(1) (West 2018).

- 4 -

For the following reasons, we find this to be the case with the defendant's use of the term "gigabyte."

¶ 16    The general objective of the Weights and Measures Act (Weights Act) is to promote accuracy in the determination and representation of quantity in commercial transactions. 225 ILCS 470/11 (West 2018). Section 3 of the Weights Act provides that "[t]he definitions of basic units of weight and measure, the tables of weight and measure, and weights and measures equivalents, as published by the National Institute of Standards and Technology, are recognized and shall govern weighing and measuring equipment and transactions in this State." *Id.* § 3. NIST is a division of the United States Department of Commerce, which clearly qualifies as a "regulatory body." Accordingly, if the United States Department of Commerce, through NIST, authorizes the use of the decimal representation of "gigabyte" when describing the storage capacity of flash drives, then the plaintiff's Consumer Fraud Act claim is barred by section 10b of the Consumer Fraud Act.

¶ 17    The circuit court properly took judicial notice of information published in the Federal Register. See *People v. Pollution Control Board*, 103 Ill. 2d 441, 447 (1984) (materials published in the Federal Register are matters of public record of which courts may take judicial notice). These materials make clear that NIST recognizes the SI system as the preferred system of weights and measures for United States trade and commerce. *Metric System of Measurement: Interpretation of the International System of Units for the United States*, 63 Fed. Reg. at 40338. In addition, the SI system uses "powers of 10" (*i.e.*, decimal) (*id.*) and "one kilobit represents 1000 bits" (Ambler Thompson & Barry N. Taylor, Nat'l Inst. of Standards & Tech., Guide for the Use of the International System of Units (SI) 74 (2008), https://nvlpubs.nist.gov/nistpubs/Legacy/SP/nistspecialpublications811e2008.pdf [https://perma.cc/Y92D-T8UL]). NIST also states that it is inappropriate to use SI prefixes to represent powers of 2 (*i.e.*, binary). Metric System of Measurement: Interpretation of the International System of Units for the United States, 63 Fed. Reg. at 40338.[3]

¶ 18    We agree with the circuit court that the NIST guidelines include an authorization by a regulatory agency with specific statutory authority for the use of the term "gigabyte" to denote a billion bytes. Accordingly, even if the defendant's use of the term "gigabyte" to represent a billion bytes were deceptive, it falls within the "safe harbor" provision of the Consumer Fraud Act and is not actionable. See 815 ILCS 505/10b(1) (West 2018). As such, the circuit court did

---

[3]The plaintiff, for the first time on rehearing, argues that the 1998 Federal Register publication by NIST was superseded by a subsequent 2008 NIST publication in the Federal Register and that this publication changed NIST's position as to the authorization of using the term "byte" to represent a power of 10. This is incorrect. The 2008 NIST publication, entitled Interpretation of the International System of Units (the Metric System of Measurement) for the United States, 73 Fed. Reg. 28432 (May 16, 2008), consists of a notice describing modifications to the SI that are enumerated therein and do not include any modification to the use of the SI prefixes to the term "byte." In addition, the notice announces the publication of the Guide for the Use of the International System of Units (SI) by NIST, which clearly notes, on page 74, that SI prefixes, when used in electrical technology as in all other applications, strictly refer to powers of 10 and repeats the example that a kilobit denotes 1000 bits and not 1024 bits. Ambler Thompson & Barry N. Taylor, Nat'l Inst. of Standards & Tech., Guide for the Use of the International System of Units (SI) 74 (2008), https://nvlpubs.nist.gov/nistpubs/Legacy/SP/nistspecialpublications811e2008.pdf [https://perma.cc/Y92D-T8UL].

not err in dismissing count III of the plaintiff's complaint.[4]

¶ 19                                    III. CONCLUSION

¶ 20        For the foregoing reasons, we affirm the circuit court's September 26, 2019, order dismissing the plaintiff's complaint.

¶ 21        Affirmed.

---

[4]As explained above, the plaintiff has forfeited any argument that the circuit court erred in dismissing the other counts of the complaint by not presenting argument in his appellant's brief on those counts. However, forfeiture aside, we note that the Uniform Deceptive Trade Practices Act also contains a "safe harbor" provision that would preclude the plaintiff's action for the same reasons. See 815 ILCS 510/4(1) (West 2018).