NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2025 IL App (4th) 241608-U

NO. 4-24-1608

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
September 4, 2025
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| JB DISTRIBUTION MARKET OF SLC, LLC, | ) | Appeal from the |
| Plaintiff-Appellant, | ) | Circuit Court of |
| v. | ) | Peoria County |
| THE CITY OF PEORIA, | ) | No. 24MR293 |
| Defendant-Appellee. | ) | |
| | ) | Honorable |
| | ) | James A. Mack, |
| | ) | Judge Presiding. |

JUSTICE DOHERTY delivered the judgment of the court.
Presiding Justice Harris and Justice Grischow concurred in the judgment.

**ORDER**

¶ 1     *Held*:     The circuit court erred in dismissing, at the motion stage, plaintiff's complaint on the basis that it was untimely.

¶ 2     Plaintiff JB Distribution Market of SLC, LLC, appeals the circuit court's dismissal of its complaint to enjoin defendant the City of Peoria (City) from utilizing section 11-31-1(e) of the Illinois Municipal Code (65 ILCS 5/11-31-1(e) (West 2024)), which allows for accelerated demolition of its property, or so called "fast-track demolition." See *City of Geneseo v. Pyrotem Properties, LLC*, 2022 IL App (4th) 220206, ¶ 18. The court found that, per the language of the statute, plaintiff's action was untimely because the City had already begun demolition before it was filed. Plaintiff argues that the court erred in interpreting the statute. For the reasons that follow, we reverse and remand.

¶ 3                                    I. BACKGROUND

¶ 4        On August 9, 2024, the City determined that plaintiff's building at 4103 Southwest Adams Street in Peoria, Illinois, qualified for fast-track demolition. The same day, the City posted the statutorily required notices on the property. On August 21, a notice to remediate and a letter explaining the City's intention to demolish the building within 30 days were sent to plaintiff and its registered agent.

¶ 5        The City issued a request for proposals to demolish the building and restore the site. One of the requirements of the request for proposals that was ultimately incorporated into the winning bidder's contract was that "[g]enerally, 6ft. tall fencing shall be used during the active debris removal and demolition activities." The City entered a contract with a demolition company on October 24, 2024, and the company began inspections and testing. It ultimately erected a fence around the property on November 7, 2024.

¶ 6        On November 8, 2024, plaintiff filed a complaint seeking to enjoin the City from demolishing the building. The complaint contained the following allegation: "The City has not proceeded with demolition at the time of filing this Complaint." Consequently, plaintiff argued, it became necessary for the circuit court to determine, after a hearing, whether demolition was necessary to remedy the hazard presented by the building.

¶ 7        The City filed a motion to dismiss, pursuant to section 2-619(a)(5) of the Code of Civil Procedure (735 ILCS 5/2-619(a)(5) (West 2024)), arguing that the property qualified for fast-track demolition and that the demolition contractor had taken substantial steps under the contract to demolish the building, including asbestos testing and enclosing the property with fencing. Because of these actions, the City argued, plaintiff's request to enjoin demolition was untimely. While there were affidavits attached to the motion, none of the affidavits stated that demolition had in fact begun or touched on the subject of fencing or environmental testing.

¶ 8 At the hearing on the City's section 2-619 motion, counsel exchanged arguments on the meaning and application of the statutory provision authorizing the fast-track demolition. Specifically, the parties disagreed on whether the complaint was timely if the City had proceeded with any of the actions authorized by statute. The City argued that it had already proceeded with demolition where its contractor had done asbestos testing and erected a fence that enclosed the property. Plaintiff argued that since the City had not yet begun demolishing the building, the City had not proceeded to demolition. Plaintiff's counsel argued that the fencing and testing were merely preparations to demolish that did not preclude plaintiff's challenge. Plaintiff further argued that the City's interpretation of actions that constituted proceeding with demolition was so broad that it would be impossible for an individual to ever challenge a fast-track demolition.

¶ 9 The circuit court looked to the demolition contract to find that during demolition, the contractor was responsible for identifying hazardous materials, such as asbestos. Moreover, fencing was required during active debris removal and demolition activities. The City's contractor had already completed asbestos testing and fenced the property prior to plaintiff's complaint, in accordance with a timeline identified in the contract, rendering the pleading untimely. Plaintiff's complaint was dismissed with prejudice. At a subsequent hearing, demolition of the building was stayed pending appeal. At that hearing, evidence was introduced that showed substantial repairs to the building had been made.

¶ 10 This appeal followed.

¶ 11 II. ANALYSIS

¶ 12 Plaintiff argues on appeal that the circuit court erred in its interpretation of the statute where it diminished the requirement that the City proceed with demolition to the requirement that the City take "some mere steps" toward demolition instead of proceeding with

the demolition itself. "A motion to dismiss under section 2-619(a) admits the legal sufficiency of the plaintiff's claim but asserts certain defects or defenses *outside* the pleadings which defeat the claim." (Emphasis added.) *Sandholm v. Kuecker*, 2012 IL 111443, ¶ 55. All well-pleaded facts in a plaintiff's complaint and all reasonable inferences that may flow therefrom are to be accepted as true by the court. *Id.* The pleadings and supporting documents are construed in the light most favorable to the plaintiff. *Id.* The existence of a genuine issue of material fact precludes dismissal as a matter of law. *Id.* Involuntary dismissal pursuant to section 2-619 is reviewed *de novo*, and, to the extent we engage in statutory construction, our review remains *de novo*. *Eads v. Heritage Enterprises, Inc.*, 204 Ill. 2d 92, 96 (2003). Because the issues are all reviewed *de novo*, we perform the same analysis the circuit court would perform anew and give no deference to the court's conclusions or specific rationale. *Blagden v. McMillin*, 2023 IL App (4th) 220238, ¶ 40.

¶ 13 We first examine the fast-track demolition statute to determine if it establishes the City's right to dismissal of plaintiff's complaint as a matter of law. The cardinal rule of statutory construction is to give effect to the intent of the legislature, as best demonstrated by the plain language of the statute. *Chapman v. Chicago Department of Finance*, 2023 IL 128300, ¶ 28. When engaging in statutory construction, we view the statute as a whole and " 'may consider the reason for the law, the problems sought to be remedied, the purposes to be achieved, and the consequences of construing the statute one way or another.' " *Id.* ¶¶ 28, 29 (quoting *In re Appointment of Special Prosecutor*, 2019 IL 122949, ¶ 23). If we find the plain language of the statute clearly and unambiguously articulates the legislature's intent, we will not resort to other aids of construction. *Id.* ¶ 29.

¶ 14 After providing for the required notice provisions, section 5-11-31(e) provides, in pertinent part, as follows:

- 4 -

"The municipality may proceed to demolish, repair, or enclose a building or remove any garbage, debris, or other hazardous, noxious, or unhealthy substances or materials under this subsection within a 120-day period following the date of the mailing of the notice if the appropriate official determines that the demolition, repair, enclosure, or removal of any garbage, debris, or other hazardous, noxious, or unhealthy substances or materials is necessary to remedy the immediate and continuing hazard. *If, however, before the municipality proceeds with any of the actions authorized by this subsection, any person with a legal or equitable interest in the property has sought a hearing under this subsection before a court and has served a copy of the complaint on the chief executive officer of the municipality, then the municipality shall not proceed with the demolition, repair, enclosure, or removal of garbage, debris, or other substances until the court determines that that action is necessary to remedy the hazard and issues an order authorizing the municipality to do so.*" (Emphasis added.) 65 ILCS 5/11-31-1(e) (West 2024).

¶ 15    The City argues that so long as it takes any *one* of the several actions specified by statute, the landowner loses the right to challenge any of the *other* actions it may subsequently take toward remediation. This is an overly broad reading of the statute, as it would mean that a municipality's removal of garbage on the premises—which could be a fairly modest undertaking— would end the landowner's right to challenge not just the garbage removal but a more significant measure, such as demolition. Here, for instance, erection of fencing might constitute "enclosure" of the property as that term is used in the statute (*id.*), and it seems clear that plaintiff failed to challenge that work before it began. The City's interpretation would go further and conclude that,

by not challenging the fencing before it began, plaintiff also lost its right to challenge the demolition. This seems at odds with the statute, which treats each of the specified remedial measures separately. In a timely suit, the court must determine whether "that action" (*i.e.*, the one complained of and which has not yet occurred) is necessary. *Id.* This interpretation is consistent with the approach reflected in subsection (a) of the same statutory section (*id.* § 11-31-1(a)), as the measures the municipality wishes to take must be scrutinized individually to determine which "action is necessary to remedy the hazard." *Id.* § 11-31-1(e); see also *Village of West Dundee v. First United Methodist Church of West Dundee*, 2017 IL App (2d) 150278, ¶ 24.

¶ 16　　　　The City's main argument below, and one which the circuit court seemed to accept, is that asbestos testing and fencing were not independent remedial measures but the beginning steps in the process of demolition. In other words, the City argues that demolition *had begun* before plaintiff filed this action.

¶ 17　　　　The problem with the City's argument is that it ignores the dictates of what constitutes a proper "affirmative matter" under section 2-619. An affirmative matter is not evidence on which the defendant expects to contest the allegations stated in the complaint. *Reynolds v. Jimmy John's Enterprises, LLC*, 2013 IL App (4th) 120139, ¶ 34. By filing a section 2-619 motion, the City *accepted* the well-pleaded allegations of plaintiff's complaint, and we are bound to construe those allegations in the light most favorable to plaintiff. *Id.* ¶ 31. Here, plaintiff alleged that demolition *had not* begun, so the City's argument based entirely on the contrary assertion is doomed from the start. See *James v. Geneva Nursing & Rehabilitation Center, LLC*, 2023 IL App (2d) 220180, ¶ 22 (noting that "it is often a 'red flag' " when a defendant requests that a court evaluate factual disputes via a motion to dismiss).

¶ 18　　　　That is not to say that the circuit court might not ultimately find, as the City

suggests, that the act of fencing the property is part and parcel of the act of demolition. In *City of Peru v. Bernardi*, 81 Ill. App. 3d 227, 231 (1980), the court found the term "demolition" meant not just razing the building but the removal of debris and repair of the site directly connected to it, holding:

> "If demolition were to be so narrowly construed as to only mean razing, the city would still be left with an unsafe situation. Making the site safe again for the public must include disposing of the rubble and repairing the damage done by the razing of the building. Therefore, we believe that demolition includes removal of the rubble and repair of the damage caused by the razing of the building."

¶ 19    If the circuit court arrives at a stage of the proceedings at which it is able to consider conflicting evidence or resolve conflicting inferences (unless the parties resolve the matter in light of the significant repairs already undertaken), it can consider the argument that asbestos testing or the erection of fencing were similarly inherent parts of demolition. If it accepts that fact-intensive argument, it might still find that this action was not timely initiated. In the context of the section 2-619 motion brought by the City, however, plaintiff's well-pleaded allegation that demolition had not yet begun cannot be contradicted. Consequently, reversal is required.

¶ 20                                III. CONCLUSION

¶ 21    For the reasons stated, we reverse the circuit court's judgment and remand for further proceedings.

¶ 22    Reversed and remanded.